## No. 16,331.

### BOARD OF COUNTY COMMISSIONERS OF GUNNISON COUNTY v. BUCKLEY.

(213 P. [2d] 608)

Decided December 12, 1949. Rehearing denied January 23, 1950.

Messrs. PORTER & CARROLL, for plaintiff in error.

Messrs. MOYNIHAN - HUGHES - SHERMAN, Messrs. GOR-SUCH & KIRGIS, Mr. LEONARD M. CAMPBELL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

DEFENDANT in error was plaintiff in the trial court,

and plaintiff in error was defendant. We will refer to the parties as they appeared below.

Plaintiff operated a resort hotel business located approximately twenty-nine miles from the city of Gunnison in Gunnison county, Colorado. The defendant Board of County Commissioners is the licensing authority having jurisdiction to consider applications for a license to dispense alcoholic liquors. Plaintiff, prior to the institution of this action, had applied for, and obtained, a hotel and restaurant liquor license for the said resort hotel for the years 1947 and 1948. In May, 1949, she applied to the Board of County Commissioners for a liquor license for the year 1949, and explained her delay in making an earlier application for license for that year by stating that she was having some financial difficulties; that the hotel was only open in the summer and fall of the year; and she had been advised by counsel that the delay would not in any manner affect her rights. The application for a 1949 liquor license was denied by the Board of County Commissioners and plaintiff thereupon instituted this action in the district court of the County of Gunnison, alleging, inter alia, that the Board "without just or good cause, arbitrarily and capriciously refused to grant said license to this plaintiff," which allegation was denied by the board.

Upon the trial of the cause the attorney for defendant Board of County Commissioners in open court stipulated as follows: "We offer to stipulate that the plaintiff is a fit, proper and qualified person to hold a resort and hotel license; that for some years last past the plaintiff, and before her her mother, owned and operated a resort hotel; that the improvements on the property are valuable and that it is located at a high altitude and open for trade for less than six months each year, during the summer and fall season. We will stipulate that the applicant received a license, I don't know just when, but anyway for the year 1947, and received a license for the year 1948; that we are making no allega-

tion and do not intend to dispute that the hotel has been run and the place operated in a legal manner; that the applicant failed to apply for a renewal of the 1948 license on or before the 1st day of December, 1948, and that no application of any kind was filed until sometime in the month of May, 1949; that at that time, in May, 1949, an application was filed; that the fees were paid and later returned pursuant to resolution of the board of county commissioners rejecting the application; and that the application was considered by the board of county commissioners as a new application and not as a renewal. We will stipulate that at the meeting held to consider the application no protest was filed. * * * We are standing squarely here before the Court on the authority of the board of county commissioners in their discretion, to reject a new application for a liquor license for the good of the inhabitants."

Comparing the conditions present in 1949 with those existing in 1947 and 1948, it was further stipulated that, "so far as the place of business, the manner of conducting the business, the condition of the road and such matters, we are willing to stipulate that the conditions are about the same. To practical intents and purposes the physical conditions are the same."

On June 7, 1949, the commissioners met and considered plaintiff's application for a liquor license and adopted a resolution denying said license, which resolution contains the following:

"1.) That this Board considers it to be to the best interests of Gunnison County and the inhabitants thereof that no hard liquor licenses be approved by this Board, and the Board has previously specifically adopted such a policy as is expressed in a Resolution rejecting the application of Jack Sudders for a liquor license at the meeting of the Board of County Commissioners held on August 4, 1948, and the Board hereby specifically adheres to such a policy.

"2.) That the premises for which permit is sought by

the applicant is situated a considerable distance from any paved or oiled road and it must be reached by a winding country road through a mountainous area; that said road is narrow and has a number of dangerous curves and this Board apprehends serious accidents and possible deaths should this application be granted and would feel a personal responsibility should the application be approved and should such accidents or deaths occur.

"3.) That Western State College is located at Gunnison and this Board is of the opinion that young people attending the College should not be subjected to the temptations afforded by drinking places in the rural areas of the County but should be restricted to such places within the incorporated Towns of the County where there is closer supervision by the police authorities.

"4.) That this Board is informed by the people that there are a number of other parties ready to file application for liquor licenses for premises along the highways and within a short distance from the boundaries of the incorporated Towns of the County. This Board considers that all such drinking places in the rural areas of Gunnison County would constitute a menace to the people of the County and especially to its young people. There are now no liquor licenses in effect in Gunnison outside of the incorporated Towns and the Board feels that drinking places in the rural areas of the County are not required for the public convenience and necessity."

The trial court did not limit the trial to a review of the proceedings at the hearing before the commissioners, but heard witnesses who were not present at said hearing. No cross error is assigned on this point and we accordingly are not called upon to pass upon the propriety of the court's action in extending the scope of the trial beyond that of reviewing the record as made at the hearing before the defendant board.

The trial court found that the action of the Board of County Commissioners, in rejecting plaintiff's application, was based upon a "misapprehension, both of the facts and the law," and the judgment was that, the Board of County Commissioners should forthwith issue the license prayed for by plaintiff "in her application."

Ten months prior to the rejection of plaintiff's application, the defendant Board adopted a resolution in which it was stated that it was "to the best interests of Gunnison County and the inhabitants thereof that no hard liquor licenses be approved by this Board, and the Board has previously specifically adopted such a policy," and it is here contended that in following the policy so adopted, the denial of plaintiff's application was not an arbitrary and capricious exercise of discretionary power.

The discretionary power vested in a board of county commissioners is grounded upon section 23, chapter 89, '35 C.S.A., which provides, inter alia, that, "the board of county commissioners in any county shall have authority to refuse to issue any licenses provided for in this article for good cause, subject to review by the courts as hereinbefore provided." The statute further provides: "Before granting any license all licensing authorities shall consider the reasonable requirements of the neighborhood, the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise and all other reasonable restrictions which are or may be placed upon the new district or districts by the council of the city, town, city and county or county or by the board of county commissioners of any county."

## Questions to be Determined.

■■ First: *Can a board of county commissioners, by resolution adopted prior to presentation of an application for a liquor license, adopt a policy, the admitted purpose of which is to deny all applications for licenses to dispense intoxicating liquor throughout the county, and justify rejection of an application for a license upon*

*the ground that it is carrying out the policy thus adopted?*

The question must be answered in the negative. We said in *Van DeVegt v. Board of County Commissioners,* 98 Colo. 161, 55 P. (2d) 703: "The right to refuse for good cause, of necessity vests in it· *in the first instance* the right to determine what is good cause for refusal. The board's disposition of the matter then is subject to review by the courts as provided in section 8b, supra, to ascertain whether its *'action was capricious or arbitrary.'* " The statute names certain standards to which the licensing authority must give consideration in determining whether a liquor license shall issue, namely, "the reasonable requirements of the neighborhood, the desires of the inhabitants" etc. While we agree that a wide discretion is vested in the county commissioners with respect to the issuance of liquor licenses, the exercise of that discretion must be governed by a proper consideration of the facts and circumstances in each case. A board of county commissioners is not a legislative body possessing powers to declare a public policy to be enforced within county lines.

In *State ex rel. v. Corwin,* 119 Mont. 520, 177 P. (2d) 189, we find the following pertinent statement: "The 'public policy' of the state is for the law-making power of the state to declare. The state has no 'public policy' except that found in its Constitution and Laws, which are made by the law-making power and not by administrative officers acting solely on their own ideas of public policy in promulgating a rule or so-called 'regulation'." The legislature of Colorado has specifically provided for the exercise of discretion by the licensing authority in the issuance of liquor licenses, to persons who can meet the qualifications prescribed by statute, for use upon specific premises under the prescribed standards relating to the "neighborhood" in which said premises are located. The exercise of this discretion cannot be dispensed with by the adoption of

a policy to deny all applications. For the foregoing reasons the grounds of rejection stated in paragraph 4 of the resolution are not valid and do not amount to just cause for a rejection of the application for license sought by plaintiff.

■ Second: *In considering an application for a liquor license filed in May, 1949, is the discretion of the licensing authority in any manner affected by the fact that for the two preceding calendar years a license had been issued to the applicant for the same premises?*

The liquor code, chapter 89, section 23, '35 C.S.A., provides: "Licenses herein provided shall be granted for a period of one calendar year. * * * All licenses shall expire December 31 of the year for which issued and application for the renewal of licenses shall be made on or before the first day of December of each year." Plaintiff contends that in practical effect her application for a license was for a renewal of the license previously granted; that since a former board had, for two consecutive years, granted a license to plaintiff for the identical property, the defendant board was bound by the assumed finding of the former board that the "reasonable requirements of the neighborhood" and the "desires of the inhabitants" were consistent with issuances of the license, unless evidence was offered to the contrary at the hearing. The trial court in its "finding and judgment" seems to have agreed with those contentions of the plaintiff. The court said:

"In the Court's opinion the Board is in error in finding that because application was not made for renewal in accordance with the statutory provisions it, the Board, is justified in determining, under the policy adopted by it, that the application should be rejected.

"The real question is whether, having made the investment, and complied with the law, plaintiff should or should not be permitted to continue the business operated by her in 1947 and 1948. The opinion of the witnesses as well as of the Board was that she should

be permitted to continue her business, but having failed to make application for renewal she must be treated on the basis of a new applicant. This conclusion, in the opinion of the Court, is not based upon sound reasoning."

As indicated by the foregoing quotation, and as is most apparent from the whole record, the action of defendant board was unquestionably controlled by their previous declaration of policy to deny all applications for licenses in rural communities. We cannot agree with the findings of the trial court that the board erred in treating the application "on the basis of a new applicant." We construe the statute to mean just what it says, to wit: "All licenses *shall* expire December 31 of the year for which issued and application for the renewal of licenses *shall* be made on or before the first day of December of each year." This positive language most certainly places definite limitations upon the applicant who claims any right to the "renewal" of a license. If, in truth, there is a more limited discretion resting in the licensing authority to deny a renewal application than is permitted on an original application, the renewal applicant must bring himself within the conditions of the statute which give him that status. Whether there are restrictions upon the exercise of discretion of a licensing authority when considering a renewal application for liquor license we do not determine.

It is clear that under the statute the plaintiff had no status as an applicant for renewal of her license. It was properly considered that she was presenting an application for a new license. The defendant board was not bound by any prior action of any licensing authority with relation to the facts pertaining to the issuance of any license for former years, but was called upon to exercise its own discretion as of the date of the new application. Conceivably the licensing authority passing upon the new application, in the exercise of its

discretion, might with propriety reject an application which a former board, upon the same facts, had approved, and in so doing the board would not, of necessity, be guilty of an abuse of discretion, or an arbitrary and capricious exercise thereof. There is no vested right in a licensee to continue in the liquor business beyond the expiration of the date of the license under which he operates. Any licensee who invests his time and substance in the liquor business does so with full knowledge that he has no assurance that the desires of the neighborhood, or the requirements thereof, will remain constant, or that new members of boards possessing power to issue or renew a license will reach the same conclusions as their predecessors, and he acts at his peril and assumes the risk that his license may not be granted or renewed.

It follows therefore that the question under discussion must be answered in the negative.

■ Third: *Do the grounds for rejection of the license, set forth in paragraphs 2 and 3 of the board's resolution, amount to an arbitrary and capricious exercise of discretionary power?*

We think not. We cannot say that reasonable men must of necessity conclude that the stated grounds of rejection are without merit. There is room for an honest difference of opinion among board members, equally conscientious in the discharge of their duty, as to whether the conditions existing would warrant a rejection of the application. In *Van DeVegt v. Board of County Commissioners, supra,* we defined the tests by which an arbitrary and capricious exercise of authority is made to appear. Subjecting paragraphs 2 and 3 of the rejection resolution to these tests we cannot say that arbitrary or capricious conduct is shown.

We fully realize that no practical purpose will be served in this specific controversy by our determination of this cause, since the calendar year of 1949 will have ended before any use could be made of a license for

that year, had one been ordered issued; however, in any future application for a liquor license for the same or other premises, the principles hereinabove stated should be followed in granting or rejecting the application.

The judgment is accordingly reversed.

MR. JUSTICE HOLLAND not participating.