## No. 16,408.

MacArthur, Manager of Safety and Excise of Denver
*v.* Presto.
(221 P. [2d] 934)

Decided July 10, 1950. Rehearing denied September 5, 1950.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, Mr. David V. Dunklee, Mr. E. F. Conly, for plaintiff in error.

Mr. Mitchel B. Johns, Mr. Leonard M. Campbell, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

MACARTHUR, as licensing authority of the City and County of Denver, denied defendant in error, Nancy B. Presto, a hotel and restaurant liquor license for the sale of intoxicants on premises described as 1323 Broadway in the City and County of Denver, upon the ground that in his opinion the needs of the neighborhood were adequately met by the then existing outlets. She thereupon brought action in the nature of certiorari, and upon hearing the trial court found, inter alia: "That the uncontroverted evidence as to the needs of the neighborhood and the desires of the inhabitants was in favor of the issuance of a license," and its denial was capricious and arbitrary. Wherefore plaintiff in error was ordered by decree of the court forthwith to issue to petitioner a hotel and restaurant license for the sale of liquor on said premises.

Under the pertinent statute, article 2 of the Liquor Code of 1935, sections 15 to 47 inclusive, chapter 89, '35 C.S.A., as amended, the manager of safety and excise, as we have held, is the local licensing authority. Under the provisions of that statute, before granting a license the licensing authority shall consider the reasonable requirements of the neighborhood and the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise. He may refuse any license for good cause, and the refusal of a local licensing authority to grant a license may be reviewed by the court, as in the case of refusal of license by the state licensing authority, by writ of certiorari or otherwise, and if the court having jurisdiction shall determine that such action was capricious or arbitrary it shall order the issuance of the license.

As we held in *Van DeVegt v. Commissioners*, 98 Colo. 161, 55 P. (2d) 703; *Board of County Commis-*

*sioners v. Buckley,* 121 Colo. 108, 213 P. (2d) 608, and in *MacArthur v. Sierota,* 122 Colo. 115, 221 P. (2d) 346, in our opinion it was the intention of the legislature to vest a wide discretion in local licensing authorities in the issuance of licenses for sale of alcoholic beverages, whether 3.2 per cent beer or other liquors. The question now before us is not as to whether there was any evidence to support the decision of the trial court, but rather whether there was any evidence to support the decision of the licensing authority, or whether he acted arbitrarily and capriciously.

■ At the hearing petitions were submitted signed by more than one thousand residents requesting that the license be issued, in which it was stated: "We feel that the requirements of the neighborhood require the issuance of such license." In the absence of any contrary evidence, those petitions seem to constitute conclusive showing as to the desires of the inhabitants, but the expression therein of opinions as to the requirements of the neighborhood is not controlling. Such opinions were without factual support and were merely matters of judgment. The statute requires that the issuance of licenses shall depend on the judgment of the licensing authority and not on that of other citizens. Several witnesses testified, and their testimony disclosed that applicant suffered loss of trade because she did not have the license sought; that her competitors holding such licenses gained thereby, and that many of her customers desired drinks with their dinners; that the licensed restaurant immediately across the street was closed on Sunday and after midnight; that the nearest establishment dispensing liquors during those hours was two blocks away; and that there were people getting off work at midnight who would like to come in and get a drink. Such evidence shows the need of the applicant for a license, but not, convincingly, the requirement of the community for it. At the hearing there also was placed in evidence a plat map showing that licenses for the

sale of intoxicating liquor were held for fourteen premises within a distance of three blocks south and three blocks north of the location for which this license was sought; that eight of said licenses were hotel and restaurant licenses, such as was desired by applicant, and that one of said hotel and restaurant licenses was held for premises on the corner across the street from applicant's restaurant for which license was sought.

█ The license for which defendant in error here applies would permit the sale of spirituous liquors only with meals. Applicant already held a license for the sale of beer and wine with her customers' meals. Of a certainty, the evidence disclosed by the record contains no showing that the necessity for spirituous liquors with meals was so urgent and immediate in that community that all reasonable men must agree that it required the service of such liquors at a location across the street from an eating place having such license, within two blocks from a second, within three blocks from five more, and within two blocks from one which remained open on Sundays and after midnight. All reasonable doubt must be resolved in favor of the licensing authority. The showing in the record of the existence of so many licensed restaurants and liquor stores in the vicinity is potent evidence to support the finding that the reasonable requirements of the neighborhood had been met and that the denial of a license was not capricious or arbitrary.

The judgment of the trial court is reversed.

Mr. Justice Holland concurs in the result.