No. 16,589.

MACARTHUR, MANAGER OF SAFETY *v.* SANZALONE.
(225 P. [2d] 1044)

Decided December 18, 1950.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, Mr. E. F. CONLY, for plaintiff in error.

Mr. ROBERT J. KIRSCHWING, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

The application of defendant in error for a retail liquor store license pursuant to chapter 89, article 2, sections 15 to 47, '35 C.S.A., as amended, was, after full hearing, denied by the manager of safety and excise, the licensing authority of the City and County of Denver. Thereafter, this action was brought by defendant in error, Sanzalone, under Rule 106 (a) (4), R.C.P. Colo., against the manager, to require him to show cause why such license should not be granted. In obedience to the order to show cause, said manager certified his record and transcript of the proceedings before him as justification for the denial of the license. The trial court in reviewing the proceedings found that the denial of such license by the manager was without good cause and was arbitrary and capricious, and ordered the issuance of the license. The judgment of the district court is here for review on writ of error.

The contention of defendant in error is set forth in his "Summary of Argument" contained in his brief:

"The refusal of the licensing authority to approve petitioner's application for a Retail Liquor Store License and to issue the same for the premises here involved was without good cause, capricious, and arbitrary, as shown by the record of the proceedings before said Licensing Authority and was contrary to the reasonable requirements of the neighborhood and the desires of the inhabitants thereof as shown by such competent evidence as was adduced in said proceedings."

At the hearing before the manager, petitions, signed by numerous citizens residing in the neighborhood requesting the issuance of the license, were introduced in evidence; and several remonstrances, signed by other citizens, protesting the issuance of the license, were introduced. The main contention of defendant in error is that certain sections of the remonstrances were not verified or sworn to, and should therefor be disregarded.

A sufficient answer to such contention is that there is no requirement in the liquor code for such remonstrances or petitions to be verified or sworn to. Section 23 of the statute requires the licensing authority to "consider the reasonable requirements of the neighborhood, the desires of the inhabitants as evidenced by petitions, remonstrances or otherwise * * *." A further answer thereto is that, such remonstrances are cumulative and to be considered with all other evidence in the case. Nothing in the record indicates that the result would have been changed if such alleged objectionable remonstrances had been entirely excluded.

At the hearing before said manager it was stipulated, obviously to avoid repetitious testimony, that out of a large number of available witnesses, only six on each side be called to testify orally. The determination by the manager was not limited to the written petitions and protests, but all the facts and circumstances, together with the oral testimony of twelve witnesses, was likewise considered.

It was within the sole province of the manager to evaluate all testimony submitted, and determine therefrom whether or not the license should issue.

In the recent case of *MacArthur v. Presto*, 122 Colo. 202, 221 P. (2d) 934, we held, inter alia, that it was the intention of the legislature to vest a wide discretion in local licensing authorities with respect to the issuance or denial of licenses for sale of alcoholic beverages; that while the expressions of opinion as to the requirements of the neighborhood and the needs of the inhabitants thereof, contained in petitions and remonstrances, are entitled to consideration, they are not necessarily conclusive or controlling; that the issuance of licenses under the liquor code depends, in the final analysis, on the judgment of the licensing authority and not upon that of citizens or the court; that all reasonable doubt must be resolved in favor of the licensing authority; and that, as a reviewing court, we are not concerned with whether

or not there was evidence to support the decision of the trial court, but only whether or not the decision of the licensing authority was supported by competent evidence.

All arguments advanced by the defendant in error in support of the judgment of the trial court are fully answered in the Presto case, supra, and in the following recent decisions which we find to be controlling. *Board of County Commissioners v. Buckley,* 121 Colo. 108, 213 P. (2d) 608; *MacArthur v. Sierota,* 122 Colo. 115, 221 P. (2d) 346; *MacArthur v. Bucklen,* 123 Colo., 41, 225 P. (2d) 58 (announced November 13, 1950).

The judgment of the trial court is accordingly reversed.

MR. JUSTICE HOLLAND dissents.

MR. JUSTICE MOORE not participating.