## No. 17,896.

EDWARD O. GEER, AS MANAGER OF SAFETY AND EXCISE,
ETC., v. MORRIS SUSMAN.
(298 P. [2d] 948)

Decided June 25, 1956.   Rehearing denied July 16, 1956.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, for plaintiff in error.

Mr. ISAAC MELLMAN, Mr. GERALD N. MELLMAN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court Morris Susman, defendant in error here, was plaintiff and Edward O. Geer as Manager of Safety and Excise was defendant in an action wherein Susman sought a writ to compel Geer as Manager to issue him a license to dispense 3.2 beer in containers for consumption off the premises, at his establishment located at 2835 Fairfax Street, Denver, Colorado, and occupied by Susman as a sandwich, coffee and doughnut shop. This shop is in a residential section of Park Hill and is patronized by children as well as adults.

We will refer to the parties as they appeared in the trial court or by name, or to plaintiff in error as manager.

It appears that Susman in December, 1954, applied for the license involved; a hearing was thereafter held in the office of Manager Geer, who denied the application. In Susman's complaint it was alleged that the "conduct of the defendant in so refusing to grant such license is arbitrary and without good cause." Pursuant

to an order to show cause issued by the trial court, Geer filed a return in which the essential allegations of the complaint were denied; he also alleged "that after a full consideration of all the evidence offered at said hearing, as shown by the record thereof as compiled and herein certified, it was the finding and decision of the defendant that plaintiff's application for a license be denied for the following reasons: a. That the existing outlets as shown by City's exhibit A-1, are sufficient to meet the reasonable requirements of the community; b. Because a substantial number of persons living in the designated area have, by petitions and by personal appearance at the hearing, evidenced a desire that the license be denied." He denied that his action in the premises was arbitrary and capricious.

The trial court determined that the action of the defendant Geer amounted to a denial of the right of the inhabitants in the neighborhood of plaintiff's store to purchase 3.2 beer in the neighborhood and that the denial of the license was "in effect, his [Geer's] expression of personal will." Accordingly, the trial court ordered the defendant Geer to issue the license and from the judgment so entered the Manager brings the case here on writ of error.

It appears that the neighborhood of plaintiff's store is heavily populated; that six hundred eighty-four persons signed the petition favoring the license circulated by the plaintiff and one hundred eighty-three persons signed protests and filed objections to the granting of the license; that one drug store in the community holds a "package liquor license."

In *Van DeVegt v. Commisioners*, 98 Colo. 161, 55 P. (2d) 703, this Court defined the elements which enter into a capricious or arbitrary exercise of discretion by an administrative board or officer. It was there said that to constitute arbitrary or capricious exercise of discretion it must appear that "By exercising its discretion in such manner after a consideration of evidence before

it as clearly to indicate that its action is based on conclusions from the evidence such that reasonable men fairly and honestly considering the evidence *must reach contrary conclusions.*" (Emphasis supplied.)

We summarize the evidence adduced at the hearing as follows: That patrons of plaintiff's store would like to buy 3.2 beer on Sundays; that the only other outlets for 3.2 beer were quite a distance away and that it would be very convenient to be able to purchase 3.2 beer without leaving the neighborhood. One witness stated that this residential district was inadequately served by businesses generally in that there was no large shopping center available to the residents.

Other witnesses testified that the area did not need a 3.2 beer outlet; that teenagers park their cars in the vicinity of these premises and drink beer; that beer can be purchased at the drug store in the same block; another witness testified that minors and school children buy their lunches at plaintiff's store and he objected because "it is best for children not to come in contact with it [beer]." Another witness stated that in addition to the drug store outlet there are "at least two other outlets just outside the six block area" and that "the teen-age problem in that area is a very serious one." The Park Hill Improvement Association, through its officers, protested the granting of this license.

In the instant case specific findings were not requested by plaintiff, hence not refused by the Manager. Under the record as made, none were necessary.

We held in *MacArthur v. Presto,* 122 Colo. 202, 221 P. (2d) 934, "it was the intention of the legislature to vest a wide discretion in local licensing authorities * * * for the sale of alcoholic beverages * * *." The decision of the Manager is not under this record a mere expression of the unguided choice of the licensing authority.

In *McArthur v. Presto, supra,* the petitions in

10

favor of the granting of a license were signed by more than one thousand residents of the community who expressed themselves: "We feel that the requirements of the neighborhood require the issuance of such license." We said there: "In the absence of any contrary evidence, those petitions seem to constitute conclusive showing as to the desires of the inhabitants, but the expression therein of opinions as to the requirements of the neighborhood is not controlling." Concerning the evidence adduced by the applicant in the *Presto* case, Mr. Justice Stone said, "Such evidence shows the need of the applicant for a license, but not, convincingly, the requirement of the community for it. * * * All reasonable doubt must be resolved in favor of the licensing authority."

█ *MacArthur v. Sierota,* 122 Colo. 115, 221 P. (2d) 346, decided that the power to license the sale of alcoholic beverages includes the power to refuse a license, even when the statutory or preliminary requirements are complied with. See, also, *Downes v. McClellan,* 72 Colo. 204, 210 Pac. 397.

We upheld the denial of an application to move a hotel and restaurant liquor license from the north side of East Colfax Avenue to the south side of the same street, both locations being in the 3000 block of East Colfax, in the case of *MacArthur v. Martelli,* 127 Colo. 308, 255 P. (2d) 969.

█ As we view this record the determination made by the Manager on the basis of the evidence before him does not appear to have been arbitrary or capricious, and as all reasonable doubts are to be resolved in favor of the licensing authority, the claim that he failed to give candid and honest consideration to the facts before him in the exercise of his discretion, falls short of that required to overcome the presumption of validity attending his administrative acts. This license was sought to dispense 3.2 beer in a residential section of the city, and there is no dispute that there were many juvenile and teenage problems in this section of Denver.

Accordingly, we must and do hold that the decision of the Manager was not arbitrary. The judgment is reversed.