No. 19,201.

JOHN PUDLIK, ET AL. *v.* THE BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, ET AL.

(358 P. [2d] 1023)

Decided January 30, 1961.

Messrs. RYAN, SAYRE AND MARTIN, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. CHARLES S. THOMAS, Assistant, for defendant in error George J. Baker, Secretary of State.

Messrs. ZARLENGO, ZARLENGO & SEAVY, for defendant in error Ernest James.

Mr. WILLIAM L. PADDOCK, for defendant in error Board of County Commissioners of Boulder County, Colorado.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name or as they appeared in the trial court.

Plaintiffs in error were plaintiffs in the district court, wherein they filed a complaint seeking review of the action of the Board of County Commissioners of Boulder County in granting to Ernest James, one of the defendants in error, a license to engage in the liquor business in Boulder County. John Pudlik is the sole owner of By-Pass, Inc., a liquor outlet in the area close to where James has his place of business. The Thomas H. Clark Corporation operates the Hi-Way Liquor Store, another outlet in proximity to the James establishment. One of the stockholders of the Clark Corporation, Dale C. Buswell, was a witness at the hearing before the County Commissioners. Max Carter, an inhabitant of the neighborhood proposed to be served by the applicant, appeared for the first time in the trial court. The record does not disclose his participation in the administrative proceedings before the County Commissioners. The defendant in error, George J. Baker, as Secretary of State, was made a party to the action because subsequent to the action of the Board of County Commissioners in granting the James license he also issued a license under state authority. The district court affirmed the action of the County Commissioners.

Plaintiffs, as competitors of Ernest James, urge among other things that their particular businesses supply the neighborhood in question and contend applicant did not establish that the needs of the neighborhood were not being adequately served by their outlets. We find no merit in this and other contentions of plaintiffs.

■ The discretion to issue a license is vested in the licensing authority pursuant to the power granted by statute, and we find no abuse of it here. *Van deVegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703; *MacArthur v. Zanzalone,* 123 Colo. 166, 225 P. (2d) 1044.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE SUTTON concur.