## No. 19,874.

THE CITY OF MANITOU SPRINGS *v.* MARY H. WALK, ET AL.

(367 P. [2d] 744)

Decided December 29, 1961.    Rehearing denied January 22, 1962.

Mr. GEORGE M. GIBSON, for plaintiff in error.

Mr. DONALD E. LA MORA, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

IN the trial court Mary Walk and Arthur Walk, defendants in error, were plaintiffs and the City of Manitou Springs was defendant. The Walks there sought to compel the city of Manitou Springs to renew a license to dispense 3.2 beer in the establishment operated by the Walks and known as the Apache Inn.

In March of 1960 the city of Manitou Springs issued a dance hall license and a license to dispense 3.2 beer to the Walks for the premises known as the Apache Inn, located near the Arcade in the city of Manitou Springs. The Arcade consists of shops and amusement centers and is one of the tourist attractions of that city.

In February 1961 the Walks applied for a renewal of their 3.2 beer license which would expire in March of 1961 and after a hearing on February 7, 1961, their application for renewal was denied by the town council, the liquor licensing authority of Manitou Springs. The Walks filed their action for review in the County Court of El Paso County and after a hearing that court remanded the matter to the town council for a further hearing, which was held on April 25, 1961.

At this second hearing before the town council, the Walks presented witnesses on their behalf who testified that the Walks were of good character and were fine citizens of the community; that they believed the operation of the Apache Inn was orderly and not in violation

of the law. They further testified to their observations while at the Inn.

At the close of this evidence there was presented to the town council two petitions signed by neighbors living within 300 yards of the Apache Inn. These petitions requested the town council not to renew the license on the grounds that the operation of the Apache Inn in this area had caused noise and rowdiness.

The Chief of Police and one of his officers testified that there was a teenage problem in Manitou Springs; that most of the trouble occurred in the Arcade near the Apache Inn; that there were seven fights in front of the Apache Inn in 1960 and that there were numerous complaints of noise and rowdiness in the area. Residents of the neighborhood testified concerning the noise in the area from young people going in and out of the Apache Inn and that there was much loud and vulgar language from young people who frequented the Inn. They further testified that teenagers congregated in the area, blocking traffic and causing disturbances. Operators of three motels in the area testified that they lost business because of the noise and disturbances which had occurred in the area since the opening of the Apache Inn.

Upon conclusion of the evidence, the council, upon motion, denied the renewal. In this state of the record the matter came before the trial court which ordered the city of Manitou Springs to issue the license, holding that there was no competent evidence to support the town council's decision denying renewal of the license. From this ruling the city of Manitou Springs seeks reversal by writ of error.

At the outset let us make it clear that no licensee under the Fermented Malt Beverages Act (C.R.S. '53, 75-1-1, et seq.) has a vested right to renewal of a license. *Commissioners v. Buckley*, 121 Colo. 108, 213 P. (2d) 608. This is not to say that a licensing authority may arbitrarily or summarily deny a renewal, but where, as here, a full hearing is granted, the question of renewal

becomes one for the exercise of the discretion of the licensing authority and it may refuse to renew such license upon good causes shown. What is good cause depends upon the circumstances of the case.

■ Walk contends that the evidence at the hearing satisfied the statutory requirement of good character, the needs of the neighborhood and the desires of the inhabitants. It is certainly true that the evidence is uncontradicted that the Walks are people of excellent character. We note, however, that there was evidence at the hearing from several of the inhabitants of the area and remonstrances from other inhabitants expressing their desire that the license *not* be renewed. But apart from this, it is clear that the licensing authority under the Fermented Malt Beverages Act is not limited in its consideration to the applicant's character, the needs of the neighborhood and the desires of the inhabitants. In the exercise of the police power it may refuse to issue or renew a license for any good cause and the courts may reverse the decision of the licensing authority only if the refusal was arbitrary or without good cause under the circumstances of the case. *MacArthur v. Sierota,* 122 Colo. 115, 221 P. (2d) 346; *McArthur v. Sanzalone,* 123 Colo. 166, 225 P. (2d) 1044.

■ Having determined that there is no vested right to a renewal of a 3.2 beer license and that the renewal of such license rests within the sound discretion of the licensing authority under the circumstances presented, we must now determine whether the refusal to renew the license in question was "arbitrary and without good cause." As a reviewing court, we are concerned only with the question of whether the decision of the licensing authority was supported by competent evidence, *MacArthur v. Sanzalone,* supra, and not whether the trial court or we would have arrived at a different conclusion were we the licensing authority. All reasonable doubt must be resolved in favor of the action of the li-

censing authority, *Board of County Commissioners v. Salardino,* 138 Colo. 66, 329 P. (2d) 629.

■ There was evidence presented at the hearing before the licensing authority as to the teenage problems, the noise and rowdiness in the Arcade area. Several witnesses testified from their own personal knowledge. Their evidence was competent and relevant. The council chose to give credence to the evidence which indicated that the unsavory conditions existing in the area were, in a substantial measure, attributable to the existence of the 3.2 beer license of the Apache Inn. See *Geer v. Susman,* 134 Colo. 6, 298 P. (2d) 948.

It is entirely proper for a licensing authority to take into account not only the conduct of the licensee, but also conditions which render a continuance of a 3.2 beer license in a particular location against the public interest. *Nordco v. State,* 43 N.J. Super. 277, 128 Atl. (2d) 491, *MacArthur v. Sierota,* supra; *Geer v. Susman,* supra.

■ We cannot say, from the record before us, that reasonable men fairly and honestly considering the evidence presented to the town council must have reached a contrary conclusion, *Van De Vegt v. Commissioners,* 98 Colo. 161, 55 P. (2d) 703.

Accordingly, the judgment of the trial court is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.