William E. BROWNLEE, Individually
and doing business as The Akron
Lounge, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF
REVENUE, EXECUTIVE DIRECTOR,
Defendant-Appellee.

No. 83CA1110.

Colorado Court of Appeals,
Div. I.

July 26, 1984.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff appeals the trial court's judgment affirming the 45-day suspension of his liquor license by the Department of Revenue (Department). We affirm.

A liquor enforcement officer testified at the hearing that on April 23, 1982, he watched plaintiff's customers playing "draw poker" and "wild arrow" video machines. Each machine would register one credit for each coin deposited.

The draw poker machine would display a five card draw poker hand. By pushing various buttons, the patron could cause the machine to hold the cards desired, to discard those not desired, and to draw cards to replace those discarded. Upon completion of the draw the patron would either lose the credits bet, break even, or win additional credits, depending upon the value of the hand remaining.

The wild arrow machine would display three symbols. By pushing a button the symbols would change rapidly on the video screen for a short time coming to rest displaying three final symbols. Depending upon which symbols remained and whether the symbols were a matching pair or trio, the player would either lose the credit bet, break even, or win additional credits.

The officer observed a customer lose in excess of $100 in the draw poker machine. He watched another patron "cash in" his credits from the wild arrow machine by observing plaintiff covertly hand the money to the customer around the end of the bar.

After the officer played the draw poker machine, he watched plaintiff erase his credit points from the machine. When plaintiff started to hand the officer the cash equivalent of his credits, a customer intercepted the money, saying to plaintiff, "Here give it to me," and after handing it to the officer, said, "Now no one can say you are paying off." Thereafter, the machines and other evidence were seized.

The hearing officer found as a matter of fact, *inter alia*, that plaintiff authorized and permitted gambling as defined by § 18–10–102(2), C.R.S. (1978 Repl.Vol. 8), the use of a gambling device as defined by § 18–10–102(3), C.R.S. (1978 Repl.Vol. 8), and the use of a machine which may be and was in fact used for gambling as defined by § 18–10–102(2), C.R.S. (1978 Repl.Vol. 8). He then concluded as a matter of law that the draw poker machine and the wild arrow machine constituted gambling devices as defined by § 19–10–102(3), C.R.S. (1978 Repl.Vol. 8) and that the plaintiff engaged in gambling in violation of § 18–10–103(1), C.R.S. (1978 Repl.Vol. 8), engaged in professional gambling in violation of § 18–10–103(2), C.R.S. (1978 Repl.Vol. 8), possessed a gambling device knowing that it was to be used in professional gambling in violation of § 18–10–105, C.R.S. (1978 Repl.Vol. 8), and maintained and permitted the maintenance of gambling premises in violation of § 18–10–107, C.R.S. (1978 Repl. Vol. 8). Finally, the officer concluded that on April 23, 1982, the plaintiff authorized and permitted gambling, the use of gambling devices, and the use of machines which may be used for gambling in violation of § 12–47–128(5)(n), C.R.S. (1978 Repl. Vol. 5).

## I.

Plaintiff first contends that the Department exceeded its authority in entering an order of suspension because the evidence was insufficient to establish a violation of § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5). He also asserts that since the order to show cause alleged only a violation of the Colorado Liquor Code, § 12–47–101, et seq., C.R.S., the hearing officer acted beyond his authority in finding violations of §§ 18–10–103(1) and (2), 18–10–105, and 18–10–107, C.R.S. (1978 Repl.Vol. 8). We disagree.

■ In order for a reviewing court to set aside a decision by an administrative agency on the ground that it is arbitrary or capricious, the court must find that it is unsupported by any competent evidence in the record as a whole. *Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979); *Board of County Commissioners v. Colorado Board of Assessment Appeals,* 628 P.2d 156 (Colo.App.1981). We find substantial competent evidence in the record to support the hearing officer's conclusion that plaintiff violated § 12–47–128(5)(n), C.R.S.; hence, that finding is binding on appeal.

As to the hearing officer's authority to enter rulings pertaining to the criminal statutes on gambling, we note at the outset, the hearing officer advised the parties that the hearing was limited to the alleged violation of § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5). But, at the conclusion of the hearing, plaintiff requested specific findings as to whether "gambling" had been established.

Moreover, § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5) provides that it is unlawful for any person:

> "To authorize or permit any gambling, or the use of any gambling machine or device, or the use of any machine which may be used for gambling ...."

Thus, to ascertain whether this statute had been violated, a ruling on what constitutes "gambling" and "gambling device" was necessary.

■ To the extent that the hearing officer's order is ambiguous our task is to determine what the hearing officer intended in issuing the order. *Blecker v. Kofoed,* 672 P.2d 526 (Colo.1983). And, words and phrases that have acquired a technical or particular meaning by legislative definition shall be construed accordingly. Section 2–4–101, C.R.S. (1980 Repl.Vol. 1B).

■ We construe the order of suspension to reflect the intent simply to apply the General Assembly's definitions of "gambling" and "gambling devices" contained in §§ 18–10–103(1) and (2), 18–10–105, and 18–10–107, C.R.S. (1978 Repl.Vol. 8) to the evidence in order to reach the ultimate conclusion that the plaintiff violated the provisions of § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5). This process was not in excess of the authority of the hearing officer. *See Thompson v. People,* 181 Colo. 194, 510 P.2d 311 (1973).

## II.

■ Next, relying upon *Elizondo v. State,* 194 Colo. 113, 570 P.2d 518 (1977), plaintiff asserts that § 12–47–110, C.R.S. (1978 Repl.Vol. 5), dealing with suspension of a liquor license for violation of the provisions of the Colorado Liquor Code, as applied, violates his right to procedural due process in that the Department has failed to adopt rules setting forth standards and factors to be considered by the licensing authority when imposing a disciplinary sanction against a licensee. We disagree.

■ As stated in *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 591 P.2d 1021 (1979):

> "[A] liquor licensing board which revokes or suspends a license under section 12–47–111(1)(a)(VIII) is subject to judicial review for abuse of discretion.
>
> As discussed *supra,* liquor control is imbued with an especially strong state interest. Liquor licensing authorities therefore need maximum leeway in carrying out their policing function, short, of course, of violating the constitutional rights of a licensee. *Manitou v. Walk,* 149 Colo. 43, 367 P.2d 744 (1962). As we have now construed this section, *the due process rights of a licensee can be adequately protected by judicial review.*" (emphasis added)

We hold that this rule applies as well to a suspension imposed for violation of § 12–47–128(5)(n), C.R.S. (1978 Repl.Vol. 5). Judicial review in this context being adequate, there exists no reason to extend the *Elizondo* rule to suspensions imposed under the Colorado Liquor Code.

Moreover, at the conclusion of the hearing, the parties were permitted to present evidence in aggravation and in mitigation relevant to the sanction to be imposed. The liquor enforcement division presented evidence of the extent of gambling activity which occurred not only on April 23, 1982, but for a two-week period prior thereto. Plaintiff presented evidence concerning a 30-day suspension imposed against another licensee for a similar violation. In weighing this evidence the hearing officer concluded that there was "substantial gambling activity being conducted on the premises" and imposed the 45-day suspension.

We conclude that the 45-day suspension was reasonable considering the violation committed. Thus, we find no abuse of discretion.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.