**PRICE HASKEL, INC., a Colorado corporation, d/b/a Huddle Inn, Plaintiff-Appellant,**

v.

**The DENVER DEPARTMENT OF EXCISE AND LICENSES, City and County of Denver, Colorado, John B. Kalbin, Director, Excise and Licenses, City and County of Denver, Liquor Enforcement Division, Department of Revenue, State of Colorado, and Its Directors, Alan Charnes and Marv Eller, Defendants-Appellees.**

No. 82CA1006.

Colorado Court of Appeals,
Div. I.

Sept. 13, 1984.

Rehearing Denied Oct. 11, 1984.

Certiorari Denied Jan. 14, 1985.

Law Offices of Worstell & Wyatt, David L. Worstell, Louis A. Weltzer, Neal Dunning, Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Lee G. Rallis, Howard E. Willner, Asst. City Attys., Denver, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard Forman, Sol. Gen., Roger M. Morris, Robert L. Patterson, Asst. Attys. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Price Haskel, Inc. (Haskel), appeals a district court decision, under C.R. C.P. 106(a)(4), affirming the denial by the Denver Department of Excise and Licenses of Haskel's application for renewal of its tavern liquor license. We reverse and remand.

Haskel held a license to operate a tavern issued pursuant to § 12–47–106, C.R.S. The term of its most recent license expired December 6, 1981. Upon timely application for renewal of the license for the year 1981 to 1982, the Director of the Department of Excise and Licenses ordered Haskel to appear at a hearing and show cause why renewal should be granted. After hearing, the director issued an undated order denying the renewal application for violations of Colorado Department of Revenue Regulations 47–105.1 and 47–128.8, and because Haskel had failed to show that renewal was needed and desired by the inhabitants of the area.

I.

Haskel first argues that § 12–47–106, C.R.S., is unconstitutionally vague and is an unconstitutional delegation of authori-

ty. Its constitutional challenges, however, are not within the scope of review under C.R.C.P. 106(a)(4). Challenges of improper delegation of authority and vagueness are facial constitutional challenges which concern a general rule or policy applicable to an open class of individuals, and, as such, are legislative acts subject to review under C.R.C.P. 57, rather than C.R.C.P. 106(a)(4). *Two G's, Inc. v. Kalbin,* 666 P.2d 129 (Colo. 1983); *Tri-State Generation & Transmission v. City of Thornton,* 647 P.2d 670 (Colo.1982). Accordingly, we do not reach the question whether the standard of good cause set by the statute is sufficient as concerns legislative delegation of authority to an administrative agency.

The Director's disposition does, however, remain subject to judicial review with respect to whether the decision was arbitrary or capricious. *Van DeVegt v. Commissioners,* 98 Colo. 161, 55 P.2d 703 (1936).

## II.

Haskel also argues that because the Director admitted evidence concerning allegations of which it had no notice, it was denied due process. We agree.

A liquor license, like any business license, is a property right which is entitled to due process protection, of which the minimum requirements include notice and an opportunity to be heard. *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 591 P.2d 1021 (1979). Notice must be of such nature as reasonably to convey information which will allow the licensee a reasonable opportunity to prepare for the hearing.

Section 12–47–106(2), C.R.S., does not require that findings be made on the needs and desires of the neighborhood when *renewal* licenses are considered, but only that renewal may be denied for good cause shown. The needs and desires of the neighborhood may, however, be considered upon proper notice. *See Manitou Springs v. Walk,* 149 Colo. 43, 367 P.2d 744 (1961).

Here, Haskel was not given notice that evidence would be taken as to the needs and desires of the neighborhood, and thus, those matters could not be considered at the hearing. *See Spears Hospital v.*

*State Board of Health,* 122 Colo. 147, 220 P.2d 872 (1950). Accordingly, since the Director based his decision, at least in part, on evidence of needs and desires of the neighborhood, the matter must be remanded to the Director for reconsideration of his order without this factor considered.

Because of our disposition, we need not reach the other issues raised by Haskel.

The judgment is reversed, and the cause is remanded with directions that, in reaching his decision, the Director consider only the evidence alluding to the issues raised by the notice.

SMITH and TURSI, JJ., concur.