### No.26881

### Trail Ridge Ford, Inc. v. Colorado Dealer Licensing Board

(543 P.2d 1245)

Decided December 22, 1975.

Joseph P. Jenkins, P.C., for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Special Assistant, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from an order of the Colorado Dealer Licensing Board suspending the license of an automobile dealership for thirty days. The District Court in and for the City and County of Denver affirmed the order and the dealer brings this appeal.

On October 10, 1973, the Colorado Dealer Licensing Board (Board) issued a notice of hearing to Trail Ridge Ford, Inc. (Dealer) to answer a charge that the Dealer sold a vehicle with the odometer reset to an inaccurately low figure. The Board charged:

"[L]icensee, itself or by and through its agents, and/or employees did indulge in the unconscionable practice of selling a 1972 Lincoln Continental . . . with the mileage on the odometer reset . . . so as to reflect an inaccurate mileage figure of approximately 18,200 miles at the time the vehicle was sold when in fact the actual mileage on said vehicle was in the vicinity of 27,000 miles, in violation of C.R.S. 13-11-18(3)(k), 1963 as amended."

The charge was framed under a statute which, in pertinent part, provides:

"[A] used motor vehicle dealer's . . . license may be denied, suspended or revoked on the following grounds

* * *

"(k) Having indulged in an unconscionable practice relating to said business;"

The Board found that the Dealer had engaged in the practice as charged and ordered that the dealership be closed for a period of thirty days, the latter 15 days being suspended. The Board order has, to this date, been stayed by the district court.

The Dealer sought judicial review of the Board order pursuant to 1969 Perm. Supp., C.R.S. 1963 3-16-5. The district court affirmed the order of the Board.[1]

The Dealer assigns five errors for reversal of the order below. Among these five assignments is the contention that subsection (3)(k) of 1971 Perm. Supp., C.R.S. 1963 13-11-18,[2] is unconstitutionally vague and therefore void. Because we agree with this contention, we do not reach the four other arguments advanced by the Dealer.

## I.

The Due Process Clause of the Fourteenth Amendment requires that before a person is deprived of life, liberty, or property he should be afforded due process of law. Fundamental to the due process clause and to any concept of "ordered liberty" is the requirement that a statute which forbids or requires the doing of an act establish a specific standard of conduct. Penalties cannot be imposed for violations of a standard whose meaning is dependent upon surmise or conjecture or uncontrolled application by the Board imposing the penalty. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975); *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973).

## II.

Central to the constitutional requirement that a statute which is the basis of depriving one of his liberty or property must not be vague is the concern that vague restrictions lead to arbitrary and capricious enforcement of the law. The possibility of arbitrary and capricious enforcement decreases as the statute becomes more specific.

Considering these concerns of the vagueness doctrine we have stated above, we hold subsection (3)(k) to be unconstitutionally vague on its face. "Unconscionability" is a concept that brings forth certain general feelings in the minds of all of us. The parameters of those feelings and reactions, however, vary widely between individuals and what is "unconscionable" could well vary from Board to Board.

Where criminal or quasi-criminal sanctions are to be imposed, we think the threat of arbitrary enforcement of the law requires more specificity than is contained in subsection (3)(k). *See Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *Rasche v.*

---

[1] Now section 24-4-106, C.R.S. 1973.
[2] Now section 12-6-118(3)(j), C.R.S. 1973.

*Board of Trustees*, 353 F.Supp. 973 (N.D. Ill. 1972). *See generally*, Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960); Note, Vagueness Doctrine in the Federal Courts: A Focus on the Military, Prison, and Campus Contexts, 26 Stan.L.Rev. 855 (1974).

## III.

The Board argues, with considerable force, that it is impossible to comprehensively catalog all those trade practices which the public ought to be protected from.

The fundamental objection to such catch-all provisions has already been discussed with regard to the possibilities of arbitrary and capricious enforcement. However, completely apart from the argument concerning capricious application, we think the "unforeseen offenses" argument fails in this case.

The sale of automobiles and of consumer goods in general is not a new mercantile invention. Those who are empowered to regulate those industries have years of experience to guide them in formulating their regulations. Indeed, the very existence of the statute now in question is strong testimony that the possible trade abuses *were* exhaustively catalogued. The statute under which the Dealer was charged contains a number of rather specific prohibitions. The Dealer could have been charged under any one of several specific subsections for the act of lowering the odometer reading. See, for example, subsections (3)(f) and (3)(j) of 1971 Perm. Supp., C.R.S. 1963, 13-11-18.[3] Nevertheless, the Dealer was charged with indulging in an "unconscionable practice" under the "catch-all" subsection of the statute.

It is possible, of course, that a new scheme will be developed. But that scheme, if there be one, need only be countenanced once until the regulations and statutes are rewritten to encompass the new impropriety.

We should not be understood to say that a reference to "unconscionable practices" will always be unconstitutionally vague. There may be numerous areas of the law where a stronger argument for the validity of such a reference can be made, particularly in the civil field.

Here, the legislature has set out with substantial specificity the practices it wishes to prohibit, and little is gained in consumer protection by the addition of a catch-all provision. And whatever gain may be accomplished is far outweighed by the unrestricted power of administrative bod-

---

[3] These sections provide as follows:
"(f) Defrauding any retail buyer, motor vehicle salesman, or financial institution to such person's damage;
"(j) Fraudulent misrepresentation, circumvention, or concealment, through whatsoever subterfuge or devise, or any of the material particulars or the nature thereof required to be stated or furnished to the retail buyer;"

ies to impose their own varied conceptions of morality and conscience upon those that they are empowered to regulate.

The judgment is reversed.

MR. JUSTICE GROVES dissents.