## No. 28100

**LDS, Inc. v. Thomas V. Healy, Henry L. Strauss and W. R. Bray, as members of the Real Estate Commission**

(589 P.2d 490)

Decided January 22, 1979.

Robert Dunlap, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Jacqueline Vermeulen, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

Appellant, a licensed real estate subdivision developer, brought this declaratory judgment action in the district court seeking a judicial determination that section 12-61-405, C.R.S. 1973, governing revocation of a subdivider's license, is facially unconstitutional. The district court declared the section to be constitutional and granted the appellee's motion for summary judgment. We reverse.

The appellant claims that the word "reputation" in subsection (1)(a) and the term "unethical practices" as used in subsection (1)(e) of the license revocation statute are void for vagueness. Those sections read:

"12-61-405. Refusal, revocation, or suspension of registration. (1) The commission may refuse, revoke, or suspend the registration of any developer if, after an investigation, the commission determines that the developer: (a) Does not have a *reputation* for competency, honesty, and fair dealing; . . . (e) Has engaged in illegal or *unethical practices* with re-

spect to the promotion, sale, or lease of real estate." (Emphasis added.)

We hold that these provisions are unconstitutionally vague.

The vagueness doctrine is grounded upon two closely-related principles of the due process clause of the Fourteenth Amendment. First, a statute is void for vagueness if its prohibitions are not sufficiently defined so as to give fair warning as to what conduct is prohibited. Where "men of common intelligence must guess at the law's meaning and differ as to its application," the law must fail. *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Weissman v. Board of Education of Jefferson County School District No. R-1,* 190 Colo. 414, 547 P.2d 1267 (1976); *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975); *Trail Ridge Ford, Inc. v. Colorado Dealer Licensing Board,* 190 Colo. 82, 543 P.2d 1245 (1975).

Second, a statute is too vague where it contains no explicit standards for application so that a danger of arbitrary and capricious enforcement exists. Where one is deprived of liberty or property for violating a statutory prohibition, due process requires that the prohibition be explicit enough to allow for meaningful judicial review.[1] *See generally,* Note, *The Void-For-Vagueness Doctrine in the Supreme Court,* 109 *U.Pa.L.Rev.* 67 (1960); Note, *Vagueness Doctrine in the Federal Courts: A Focus on the Military, Prison, and Campus Contexts,* 26 *Stan.L.Rev.* 855 (1974).

Applying these principles to the challenged provisions, we find that the word "reputation" renders subsection (1)(a) unconstitutional on its face. Reputation is not a standard of conduct, but is merely an opinion of the community. Clearly it provides no fair warning as to what conduct is prohibited. Where community opinion rather than a specific act can be relied upon to revoke a subdivider's license, there exists a danger of arbitrary and capricious revocation by the real estate board. Hence, we hold subsection (1)(a) to be invalid. To the extend *Shaffer & Co. v. Prosser,* 99 Colo. 335, 62 P.2d 1161 (1936) is inconsistent with this view, it is expressly overruled.

Nor can the term "unethical practices" as used in subsection (1)(e) pass constitutional muster. We find *Trail Ridge Ford, supra,* controlling on this issue. In that case, dealing with suspension of an automobile dealer's license, we found "unconscionability" to be too vague. We said:

"'Unconscionability' is a concept that brings forth certain general feelings in the minds of all of us. The parameters of those feelings and reactions, however, vary widely between individuals and what is 'unconscionable'

---

[1] There is no question that the vagueness doctrine applies to a license revocation statute. Loss of a business license is plainly a loss of liberty, and has been regarded by this court as a quasi-criminal sanction. *Trail Ridge Ford, supra.*

could well vary from Board to Board." *Id*. at 84, 543 P.2d at 1246.

In the present case, "unethical practices" displays the same infirmity as did "unconscionability" in *Trail Ridge Ford*. We acknowledge that either the legislature or the real estate board could confine the term to proper constitutional specificity by promulgating a code of ethics to govern business practices of subdividers. Yet neither body has done so. In its present posture, the provision requires licensees to speculate what acts a particular board might consider unethical, without any standard against which to measure conduct. Thus we hold "unethical practices" void for vagueness in violation of the due process clause.

■■■ License revocation is a legitimate interest of the state under its general police powers. We recognize the state's need to define offensive conduct of subdividers in language broad enough to allow revocation of a license where the public is being harmed. Scientific exactitude in statutory language is not required. *See People v. Blue, supra*. Penalties cannot be imposed, however, "for violations of a standard whose meaning is dependent upon surmise or conjecture or uncontrolled application by the Board imposing the penalty." *Trail Ridge Ford, supra,* at 84, 543 P.2d at 1246. Where ambiguous criteria such as "reputation" and "unethical practices" are sought to be the basis of a license revocation, they must be struck down.[2]

The judgment of the district court is reversed.

MR. JUSTICE CARRIGAN does not participate.

------

[2] We acknowledge a legitimate distinction between standards of conduct imposed upon professionals, who often have personal and confidential relationships with members of the public, and those imposed upon businessmen. *See, e.g., Weissman, supra,* n. 2. Hence, the cases cited by the appellee, dealing with the revocation of a professional's license, are inapposite here.