## No. 28047

**Mr. Lucky's, Inc., a Colorado corporation, d/b/a Mr. Lucky's v. Joseph F. Dolan, Executive Director of the Department of Revenue of the State of Colorado, and Ronald J. Brumbaugh, Deputy Director of the Department of Revenue of the State of Colorado**

(591 P.2d 1021)

Decided March 5, 1979.

Keller, Dunievitz & Johnson, Robert Elmer Johnson, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Billy Shuman, Special Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

Appellant, Mr. Lucky's, Inc., a Colorado corporation, appeals an action of the Colorado Department of Revenue (department) suspending its liquor license. The department found that appellant had violated section 12-47-111(1)(a)(VIII), C.R.S. 1973 (1978 Repl. Vol. 5), of the Colorado Liquor Code because it "failed to make and file its Colorado Corporate Income Tax Return for the fiscal year ending June 30, 1976 . . . ."

Evidence presented at the suspension hearing disclosed that the appellant had been granted two extensions, totaling six months, in which to file its delinquent taxes. Yet the taxes were not received until two months after the final extension period had expired.[1] At the conclusion of the hearing, the department ordered that appellant's license be suspended for ten days.

The appellant appealed this final agency action to the District Court for the City and County of Denver, pursuant to section 24-4-106, C.R.S. 1973, of the "State Administrative Procedure Act." The district court affirmed the suspension, finding that the department's action was proper and that the appellant had failed to meet its burden of proof that section 12-47-111(1)(a)(VIII) was unconstitutional.

Appellant then appealed to this court, claiming, *inter alia,* that section 12-47-111(1)(a)(VIII) is void for vagueness in violation of the due process clause of the Fourteenth Amendment. The challenged section reads:

"12-47-111. Persons prohibited as licensees. (1)(a) No license provided by this article shall be issued to or held by: . . . (VIII) Any person unless he is with respect to his character, record, and reputation satisfactory to the respective licensing authority."

We note at the outset that a present liquor license, like any business license, is a property right which is entitled to due process protection, *LDS, Inc. v. Healy,* 197 Colo. 19, 589 P.2d 490 (1979); *New Safari Lounge, Inc. v. City of Colorado Springs,* 193 Colo. 428, 567 P.2d 372 (1977); *Trail Ridge Ford, Inc. v. Colorado Dealer Licensing Board,* 190 Colo. 82, 543 P.2d 1245 (1975).

Unlike other business licenses, however, a liquor license is a relatively restricted right. The Twenty-First Amendment of the United States Constitution[2] granted to the states wide latitude in controlling the sale and use of liquor within its borders, since the consumption of liquor is believed to present a threat to public health and welfare. Thus, there is no

---

[1] The evidence also disclosed that the appellant had been late in filing its income taxes for the prior fiscal year. Those taxes were finally filed in mid-July 1976, 10 months after they were due and 6 months after the extension period had expired.

[2] "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." *U.S. Const.* amend. XXI, § 2.

unlimited right to a liquor license, and once granted, a liquor license is always subject to valid regulations under which it was issued. *New Safari Lounge, supra; Gem Beverage Co. v. Greer,* 138 Colo. 420, 334 P.2d 744 (1959).

Even in the area of liquor control, however, the state may not elevate its police powers over other provisions of the Constitution. *New Safari Lounge, supra.* Thus where a licensing statute on its face is found to violate the due process clause, it cannot be upheld under any argument that the state needs broad discretion to regulate liquor licenses.

In *LDS, Inc. v. Healy, supra,* we recently reiterated the two-part standard which a statute must meet in order to escape a vagueness attack:

"First, a statute is void for vagueness if its prohibitions are not sufficiently defined so as to give fair warning as to what conduct is prohibited. Where 'men of common intelligence must guess at the law's meaning and differ as to its application,' the law must fail. *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Weissman v. Board of Education of Jefferson County School District No. R-1,* 190 Colo. 414, 547 P.2d 1267 (1976); *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975); *Trail Ridge Ford, Inc. v. Colorado Dealer Licensing Board,* 190 Colo. 82, 543 P.2d 1245 (1975).

"Second, a statute is too vague where it contains no explicit standards for application so that a danger of arbitrary and capricious enforcement exists. Where one is deprived of liberty or property for violating a statutory prohibition, due process requires that the prohibition be explicit enough to allow for meaningful judicial review."

It is fundamental that a statute is presumed to be constitutional and that a party challenging a statute must prove its invalidity beyond a reasonable doubt. *Earl & Sons Tire Center v. City of Boulder,* 192 Colo. 360, 559 P.2d 236 (1977); *People v. Gym of America,* 177 Colo. 97, 493 P.2d 660 (1972). We agree with the district court that the appellant has failed to meet this burden of proof.

The essence of the appellant's challenge is that, by requiring that a licensee's "character, record, and reputation" be *satisfactory to the board,* the provision grants to the licensing board absolute power over liquor licensing, power which, in effect, avoids judicial review. Appellant argues that where the only review can be whether the board was *satisfied,* it is meaningless. Appellant further argues that the provision fails to provide fair warning as to what conduct is prohibited, or in this case "unsatisfactory."

Where a statute is alleged to be unconstitutionally vague, this court must look to the purpose and context of the statute in evaluating the standards set forth therein. *Earl & Sons Tire Center v. City of Boulder, supra; Watson v. Board of Regents of University of Colorado,* 182

Colo. 307, 512 P.2d 1162 (1973). Whenever reasonable and practical, we must construe those standards so as to avoid invalidating the statute. *People v. Gym of America, supra.*

█ In doing so, we find no significant difference between the words "satisfactory to the respective licensing authority" and a licensing statute providing for suspension "in the discretion of" a licensing authority. There is no question that we can measure abuse of discretion in light of the statutory criteria. In fact, such a review is mandated by the very section under which this appeal was brought below, section 24-4-106(7), C.R.S. 1973. Today we specifically hold that a liquor licensing board which revokes or suspends a license under section 12-47-111(1)(a)(VIII) is subject to judicial review for abuse of discretion.

As discussed *supra,* liquor control is imbued with an especially strong state interest. Liquor licensing authorities therefore need maximum leeway in carrying out their policing function, short, of course, of violating the constitutional rights of a licensee. *Manitou v. Walk,* 149 Colo. 43, 367 P.2d 744 (1962). As we have now construed this section, the due process rights of a licensee can be adequately protected by judicial review.

█ On the facts before us we find no abuse of discretion. The appellant has repeatedly failed to file its corporate income taxes in a timely manner. Such tardiness displays disrespect for the law and poor business management. The liquor board could properly suspend the appellant's license for ten days on these grounds.

█ The suspension of appellant's license in the instant case was based on its record of untimely filing of income tax returns, in violation of the Colorado statutes. We deal only therefore with that portion of the statute which permits suspension of a license because of the *record* of the licensee. In effect, that portion of the statute points out to the licensee that his past experience and conduct will be among the factors used by the licensing authority in determining his right to continue in business. *See Levers v. Berkshire,* 159 F.2d 689 (10th Cir. 1947). Although the word "record" may be somewhat broad, its context certainly includes violations of statutory law of the State of Colorado. We apply to the facts of this case the general rule that where a party should reasonably know that its conduct comes within the language of the proscription, it cannot challenge the language of that proscription as unconstitutionally vague. *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).[3]

---

[3] We make a special note that this is not a First Amendment case. Under the First Amendment, a litigant whose own conduct may not be protected, can challenge a statute's potential application to third parties. This can be done via the *overbreadth* doctrine, where the litigant alleges that his own expression is "chilled" by the existence of an overbroad or vague statute. L. Tribe, *American Constitutional Law,* 720-22 (1978). *See also People v. Weeks,* 197 Colo. 175, 591 P.2d 91 (1979).

The judgment of the district court is affirmed.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN do not participate.