**Stephen H. PUZICK, Plaintiff-Appellant,**

v.

**The CITY OF COLORADO SPRINGS, Colorado, a Municipal corporation, John L. Tagert, Chief of Police, George H. Fellows, City Manager, and the Colorado Springs Civil Service Commission, Defendants-Appellees.**

No. 81CA0607.

Colorado Court of Appeals, Div. III.

Sept. 22, 1983.

Rehearing Denied Oct. 13, 1983.

Certiorari Denied May 21, 1984.

Thomas C. Henley, Colorado Springs, for plaintiff-appellant.

James G. Colvin, II, City Atty., Clara J. Cafaro, Deputy City Atty., Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Colorado Springs, for defendants-appellees.

KELLY, Judge.

Plaintiff, Stephen H. Puzick, a sergeant in the Colorado Springs Police Department, was suspended by the City of Colorado Springs for improper conduct involving an off-duty sexual encounter with a probationary patrolwoman in the department. The City's action was upheld by the trial court, and Puzick appeals arguing that the rule under which he was disciplined is unconstitutionally vague and overbroad, both on its face and as applied to him. We affirm.

The incident which is the subject of this dispute took place in Las Vegas, Nevada, where Puzick and a number of other members of the Colorado Springs Police Department were competing in the Police Olympics. The department did not sponsor the trip, and it neither paid for participants' expenses nor granted them time off.

The incident occurred in the early morning hours after a full day of competition. After the officers had retired to their rooms, Puzick went, uninvited, across the hall to the probationary officer's room for the admitted purpose of pursuing a casual sexual relationship. Puzick knocked on the door, was admitted into the room, and ultimately engaged in sexual intercourse with the probationary officer.

The next day, the probationary officer complained to the Internal Affairs Division of the Colorado Springs Police Department that she had been raped by Puzick. A Civil Service hearing was conducted after which the city manager, acting as hearing officer, found that the sexual intercourse had been consensual, but that Puzick had exercised poor judgment in engaging in a sexual relationship with a probationary patrolwoman. He further found that Puzick's action had brought the department into disrepute and had impaired the operation and efficiency of the department. On review of those findings, the Civil Service Commission upheld the decision of the city manager, and Puzick was suspended for thirty days and his name was removed from the promotion list on which he was next in line for promotion to the rank of lieutenant.

The trial court found that the evidence was insufficient to support the city manager's findings that Puzick's conduct in soliciting sexual contact with a subordinate while attending a quasi-official police function brought the department into disrepute in the community at large. The court did, however, find that Puzick's conduct "impaired the operation or efficiency of the department." This finding was based on actual and potential impact on the flexibility of officer assignment, on the credibility an officer may bring to command, and on the potential problem of sexual coercion in duty assignment and promotion opportunity.

The trial court held that the rule concerning conduct unbecoming an officer, which Puzick was found to have violated, was not constitutionally infirm. The rule, Colorado Springs Police Department Operations Manual § C 1301.25, provides:

"Members of the Colorado Springs Police Department shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming a police officer shall include that which brings the Department into disrepute or reflects discredit upon the officer as a Member of the Department, or that which impairs the operation or efficiency of the Department or Member."

Puzick argues that this rule is unconstitutionally vague and overbroad both on its face and as applied to him.

### I.

A statute is vague on its face when it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *LDS, Inc. v. Healy*, 197 Colo. 19, 589 P.2d 490 (1979); *People v. Latsis*, 195 Colo. 411, 578 P.2d 1055 (1978). The root of the vagueness doctrine is "a rough idea of fairness," *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972), and of providing notice of prohibited conduct.

While it is true that this rule is not precise in delineating proscribed conduct or in positing a standard by which a police officer can evaluate the propriety of proposed conduct, broad rules such as ones condemning "conduct unbecoming an officer" or, as here, conduct impairing the operation or efficiency of the department or bringing the department into disrepute, have been generally upheld against challenges of facial vagueness. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Davis v. Williams*, 617 F.2d 1100 (5th Cir.1980).

Capacious phrases such as the one included in the Colorado Springs Manual are unavoidable. They nevertheless provide adequate notice to police officers that their conduct, both on and off duty, must meet a high standard of comportment. *See Fabio v. Civil Service Commission*, 489 Pa. 309, 414 A.2d 82 (1980).

In this case Puzick and other members of the police department are put on notice that conduct which has the effect of impairing the operation or efficiency of the department, or which brings the department into disrepute may subject them to discipline. As Judge Leventhal of the District of Columbia Circuit noted in *Meehan v. Macy*, 392 F.2d 822, 835 (D.C.Cir.1968), *modified*, 425 F.2d 469, *aff'd*, 425 F.2d 472 (1969):

> "[I]t is not feasible or necessary for the Government to spell out in detail all that conduct which will result in retaliation. The most conscientious of codes that define prohibited conduct of employees includes 'catchall' clauses prohibiting employee 'misconduct,' 'immorality,' or 'conduct unbecoming.'"

*See Colten v. Kentucky, supra; People v. Fitzgerald*, 194 Colo. 415, 573 P.2d 100 (1978); *Weissman v. Board of Education*, 190 Colo. 414, 547 P.2d 1267 (1976); *People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975).

Moreover, police department regulations are entitled to considerable deference because of the State's substantial interest in creating and maintaining an efficient police organization. *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976); *Kannisto v. City & County of San Francisco*, 541 F.2d 841 (9th Cir.1976). Thus, regulations governing conduct of police officers stand on different footing from criminal statutes, *Papachristou v. Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), and statutes inhibiting speech rather than conduct. Because of the City's interest in maintaining an efficient police force and the impracticability of drafting more specific rules, we decline to hold this rule unconstitutionally vague on its face.

### II.

Puzick next argues that the rule is unconstitutionally vague as applied to him. He argues that there was no rule or code of conduct which prohibited sexual relations among members of the department and that the practice was widespread. He argues further that his constitutional right of privacy was violated by application of this rule in his case.

If a police officer's conduct has the effect of impairing the operation or efficiency of the department, and such a

result is reasonably foreseeable, that conduct may be subject to discipline. Here, Puzick's conduct in soliciting a sexual encounter with a probationary member of the same department is not a constitutionally protected activity; Puzick should have known that it could have an adverse effect on the operation of the police department.

■ Puzick asserts that his conduct was within the constitutionally protected zone of privacy and right of association and, therefore, is not susceptible to regulation. While it is true that a stricter vagueness test is applied where constitutionally protected rights are inhibited, *Papachristou v. Jacksonville, supra,* Puzick's conduct was not constitutionally protected.

■ The right of privacy is different from the right of association claimed by Puzick and founded on *NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). The right of privacy in one's associations, a peripheral First Amendment right, involves the freedom to affiliate oneself with organizations, usually of a social or political nature. *See NAACP v. Alabama, supra; NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957).

■ The right of privacy which Puzick seems to be asserting is that right which embraces "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). This right, however, is not absolute. *Martinelli v. District Court,* 199 Colo. 163, 612 P.2d 1083 (1980). The right is one which may be a qualified right under certain circumstances.

■ Here, even if Puzick's conduct were otherwise constitutionally protected as within the zone of privacy, that protection would have been forfeited at the point at which the conduct interfered with the compelling state interest in maintaining an efficient police force. In *Shuman v. City of Philadelphia,* 470 F.Supp. 449 (E.D.Pa. 1979), the court, after concluding that a

police officer's private sexual relationships are constitutionally protected unless they adversely affect the police department, noted that:

"The mode of analysis used [in *Whalen v. Roe, supra*] appears to be akin to a balancing test, whereby the state's interests in disclosure are weighed against the privacy needs of the individual."

*See Battle v. Mulholland,* 439 F.2d 321 (5th Cir.1971); *Pred v. Board of Public Instruction,* 415 F.2d 851 (5th Cir.1969). Thus, the qualified right of privacy is suspended when, as here, off-duty personal activities have an adverse impact upon the operation or efficiency of a police department. *Shuman v. City of Philadelphia, supra; Bruns v. Pomerleau,* 319 F.Supp. 58 (D.Md.1970).

### III.

■ Puzick further argues that the rule is unconstitutionally overbroad on its face and has a chilling effect on other members of the police department in exercising their constitutional right of privacy. This argument is without merit.

■ A statute is facially overbroad when it includes within its proscriptions speech or conduct which is constitutionally protected, as well as that which is not protected. *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975). A statute should be sparingly invalidated as facially overbroad, particularly where conduct, not speech, is involved. As the United States Supreme Court noted in *Broadrick v. Oklahoma, supra:*

"To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."

Thus, where, as here, conduct is involved, only real and substantial overbreadth will render the rule infirm. *May v. People,* 636 P.2d 672 (Colo.1981).

## IV.

Finally, we reject the argument that the rule is unconstitutionally overbroad in its application to Puzick. Since Puzick was not engaged in constitutionally protected activities, the focus of our inquiry is on the question whether the rule is "so irrational that it may be branded 'arbitrary,' and therefore a deprivation of [plaintiff's] 'liberty' interest in freedom to choose his own [life style]." *Kelley v. Johnson, supra.* We hold that plaintiff's conduct, which had an adverse impact on the operation of the department, could rationally be regulated by the department. Since the rule serves an important governmental function and its application is rationally related to that purpose, the rule is not overbroad.

We have considered Puzick's other arguments and find them to be without merit.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.