**COSTIPHX ENTERPRISES, INC.,**
Plaintiff-Appellant,

v.

**The CITY OF LAKEWOOD; the Lakewood Liquor and Fermented Malt Beverage Licensing Authority; State of Colorado, and Alan N. Charnes, Executive Director of the Department of Revenue, State of Colorado, Defendants-Appellees.**

No. 84CA0978.

Colorado Court of Appeals,
Div. III.

July 3, 1986.

Mangan & Katz, Lawrence Katz, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Paul F. Kennebeck, Denver, for defendants-appellees City of Lakewood and The Lakewood Liquor and Fermented Malt Beverage Licensing Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert L. Patterson, Asst. Atty. Gen., Denver, for defendants-appellees State of Colo. and Alan N. Charnes.

METZGER, Judge.

Plaintiff, Costiphx Enterprises, Inc., appeals the judgment entered in a C.R.C.P. 106(a)(4) proceeding affirming the action of the Lakewood Liquor and Fermented Malt Beverage Licensing Authority (Liquor Authority) in suspending plaintiff's liquor license for permitting gambling on its prem-

ises and for serving liquor to intoxicated persons. We affirm in part, reverse in part, and remand with directions.

From January 1983 until June 1983, the Lakewood Department of Public Safety conducted an undercover surveillance operation in Peabody's Pub, which was owned and operated by plaintiff. As a result of this investigation, a complaint was filed against plaintiff alleging violations of the Colorado Liquor Code relating to permitting gambling on the premises and serving alcoholic beverages to intoxicated persons.

The Liquor Authority conducted two hearings during October of 1983. It found that plaintiff had violated two Colorado Liquor Code Regulations, 1 Code Colo.Reg. 47–105.1 (improper conduct of the establishment by selling liquor to intoxicated persons) and 1 Code Colo.Reg. 47–128.10 (permitting gambling on the premises). Plaintiff's liquor license was suspended for 60 days, but 48 days of the suspension were deferred for one year pending proof of any future violations.

Plaintiff then instituted this C.R.C.P. 106(a)(4) action for review of the Liquor Authority's decision, and the trial court upheld the Liquor Authority's action. This appeal followed.

## I.

### *Professional Gambling*

Plaintiff first contends that there is no competent evidence in the record to support the Liquor Authority's findings of fact that plaintiff authorized or permitted professional gambling on its licensed premises in violation of Colorado Liquor Code Regulation 47.128.10. We agree.

■ In order for a reviewing court to set aside a decision by an administrative agency, the decision must be without substantial evidentiary support in the record. *Brownlee v. State*, 686 P.2d 1372 (Colo. App.1984). This principle is applicable in liquor licensing proceedings. *See Noe v. Dolan*, 197 Colo. 32, 589 P.2d 483 (1979).

Defendants concede that the majority of instances of gambling relied upon by the Liquor Authority to revoke plaintiff's liquor license are "social gambling" as opposed to "professional gambling." They agree that the definition of gambling contained in § 18–10–102(2)(d), C.R.S. (1978 Repl.Vol. 8), which excludes "social gambling," and which has been applied to the Colorado Liquor Code, prevents the use of these instances of "social gambling" to prove a violation of the regulation in question. *See Brownlee v. State, supra.*

Defendants contend, nevertheless, that the record contains evidence of professional gambling activities sufficient to show a violation of the regulation. We disagree.

■ The only evidence concerning professional gambling shows that a professional bookie met an undercover police officer at Peabody's Pub in order to place and pay off bets. The undercover officer suggested that each meeting take place at Peabody's as a matter of convenience. However, there is no evidence that the owners or any employees of Peabody's were aware of these activities. Consequently, it cannot be said that plaintiff or its agents "permitted" or "authorized" the professional gambling as prohibited by the regulation. *See Clown's Den, Inc. v. Canjar*, 33 Colo.App. 212, 518 P.2s 957 (1973). Therefore, since the record contains no evidence to support the Liquor Authority's conclusion that plaintiff violated Colorado Liquor Code Regulation 47.128.10, the trial court's judgment is reversed as to that issue.

## II.

Plaintiff next contends that it was given insufficient notice concerning allegations of serving liquor to intoxicated persons because the Liquor Authority failed to name many of the persons whom plaintiff's employees allegedly served. Thus, it argues, its procedural due process rights were violated. We disagree.

■ Liquor control is imbued with an especially strong public interest. Liquor

licensing authorities need maximum leeway in carrying out their policing function. *Mr. Lucky's Inc. v. Dolan,* 197 Colo. 195, 591 P.2d 1021 (1979). The test whether a licensee's procedural due process rights have been violated is one of fundamental fairness. *Chroma Corp. v. Adams County,* 36 Colo.App. 345, 543 P.2d 83 (1975).

■ We conclude that the notice sufficiently advised plaintiff of the allegations to enable it to defend against them. Each allegation specifically included the date of the occurrence in question. As well, each allegation either stated the name of the patron or the name of the bartender involved.

Under these circumstances, we conclude that the notice was legally sufficient to afford plaintiff its procedural due process rights. *See Aristocratic Restaurant of Massachusetts, Inc. v. Alcoholic Beverages Control Commission,* 374 Mass. 547, 374 N.E.2d 1181 (1978); *Loyal Order of Moose, Inc. v. Mayor and Members of Council of City of Dalton,* 246 Ga. 298, 271 S.E.2d 354 (1980).

### III.

Plaintiff further contends that there was no competent evidence to support the Liquor Authority's findings of fact that alcoholic beverages were served to intoxicated persons. Again, we disagree.

■ Plaintiff argues that the undercover agent's testimony was insufficient as to this issue because she could not recall the type of alcohol served. Thus, plaintiff asserts, the evidence is insufficient to show that the allegedly intoxicated persons were served alcoholic beverages as opposed to non-alcoholic beverages. We reject this argument because the record reflects that the agent testified that she saw alcohol served in each instance, and there is no evidence that non-alcoholic beverages were served.

### IV.

Plaintiff next contends that the Chairman of the Liquor Authority erred when he curtailed cross-examination of the undercover agent. We disagree.

Cross-examination is a fundamental right of our judicial system. However, its scope may be restricted within the sound discretion of the tribunal. *Puncec v. City & County of Denver,* 28 Colo.App. 542, 475 P.2d 359 (1970). Reasonable limitation in cross-examination does not violate constitutional protections, especially if the cross-examination is repetitious and nonproductive. *Denver Symphony Ass'n v. Industrial Commission,* 34 Colo.App. 343, 526 P.2d 685 (1974).

Plaintiff's attorney was permitted to cross-examine the undercover agent concerning three separate occurrences of liquor being served to an intoxicated person. In each instance, the undercover agent testified that an alcoholic beverage was served, but she could not recall the exact type of liquor served. Plaintiff's counsel stated that he intended to show this lack of definiteness in her testimony as to each occurrence. Eventually, the chairman of the Liquor Authority told plaintiff's attorney, "I think you have dwelled [on this subject] long enough."

■ We conclude that the chairman acted within his discretion in limiting the cross-examination of the undercover agent. Under the circumstances, the agent's lack of specific recall had been demonstrated.

### V.

Finally, plaintiff challenges the validity of Colorado Liquor Code Regulation 47–105.1A, arguing that it is vague and, thus, falls short of the standards of fair warning and meaningful judicial review set out in *Continental Liquor Co. v. Kalbin,* 43 Colo.App. 438, 608 P.2d 353 (1977). It asserts that the application of that regulation denied plaintiff its right to due process. We reject this contention.

■ A liquor license is a property right which is entitled to due process protection. *LDS, Inc. v. Healy,* 197 Colo. 19, 589 P.2d 490 (1979). However, there is no unlimited right to a liquor license, and once granted,

that license is always subject to valid regulations under which it was issued. *New Safari Lounge, Inc. v. City of Colorado Springs*, 193 Colo. 428, 567 P.2d 372 (1977).

In analyzing a regulation for vagueness, we must apply the two-part test set out in *LDS, Inc. v. Healy, supra*. First, a regulation is void for vagueness if its prohibitions are not sufficiently defined so as to give fair warning of the type of conduct that is prohibited. *LDS, Inc. v. Healy, supra*. Thus, if persons of common intelligence must guess at the law's meaning and differ as to its application, the law must fail. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *see also Mr. Lucky's v. Dolan, supra*.

Second, a statute or regulation is void for vagueness if it contains no explicit standards for application such that a danger of arbitrary and capricious enforcement exists. If one is deprived of liberty or property for violating a statutory prohibition, due process requires that the prohibition be explicit enough to allow for meaningful judicial review. *LDS, Inc. v. Healy, supra*.

The pertinent portions of Colorado Liquor Code Regulation 47–105.1A are as follows:

"Each person licensed under this Article ... shall not permit on his licensed premises the serving ... of an apparently intoxicated person...."

The gravamen of plaintiff's contention, as we perceive it, seems to be that the phrase "apparently intoxicated person" is not susceptible of consistent interpretation by persons of ordinary intelligence.

In *Jones v. Blegen*, 161 Colo. 149, 420 P.2d 404 (1966), our supreme court held that a lay witness who has had sufficient opportunity to observe the demeanor and conduct of another may express an opinion whether the latter was intoxicated. CRE 701, which allows opinion testimony by non-expert witnesses, leads to the same result. Since a non-expert witness may render an opinion concerning the intoxication of an other, it logically follows that a regulation which prohibits serving alcoholic beverages to "an apparently intoxicated person" specifies, with the requisite degree of certainty, the proscribed activity for persons of common intelligence. *See Citizens for Free Enterprise v. Department of Revenue*, 649 P.2d 1054 (Colo.1982).

We also conclude that there is no danger of arbitrary and capricious enforcement of this regulation. In *Brownlee v. State, supra*, we concluded that the due process rights of a liquor licensee can be protected adequately by judicial review.

## VI.

The penalty of 60 days suspension was imposed based upon the Liquor Authority's determination that plaintiff had violated two regulations, one concerning gambling and one concerning serving alcohol to intoxicated persons. Because only the latter determination has been upheld, considerations of fundamental fairness dictate that the Liquor Authority be given the opportunity to reexamine its penalty. *See Air Pollution Variance Board v. Western Alfalfa Corp.*, 191 Colo. 455, 553 P.2d 811 (1976).

The trial court's judgment is affirmed except as it pertains to the alleged violation of the gambling regulation; in that regard, the judgment is reversed. The cause is remanded to the trial court with directions to remand to the Liquor Authority for a hearing on the penalty and entry of an appropriate order.

TURSI and BABCOCK, JJ., concur.