The CENTRAL CITY OPERA HOUSE ASSOCIATION, a Colorado non-profit corporation, and the Brown Palace Hotel Associates Limited Partnership, d/b/a the Brown Palace Hotel, Plaintiffs-Appellees,

v.

Alan N. CHARNES, as Executive Director of the Department of Revenue of the State of Colorado, Defendant-Appellant.

No. 86CA0332.

Colorado Court of Appeals, Div. IV.

May 28, 1987.

Rehearing Denied June 18, 1987.

Certiorari Granted (Charnes) Sept. 8, 1987.

Halaby & McCrea, Theodore S. Halaby, Thomas L. Kanan, Denver, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant Alan N. Charnes.

HODGES, Justice.*

Defendant, Department of Revenue, appeals a declaratory judgment by the trial court finding that plaintiffs' proposed charitable fund-raising activity involving casino-type gambling is legal. We affirm the judgment.

The plaintiff, Central City Opera House Association, sought a declaratory judgment because it wished to hold a charity fund-raising benefit at the Brown Palace Hotel. The hotel agreed to donate the use of its premises, charging the Association only for meals and alcoholic beverages provided to the participants at the benefit.

Under the Association's plans for the event, participants would attend by special invitation only and would agree to make a donation of $375 per couple for which they would be provided cocktails, a buffet dinner, and music for dancing. Participants could also make further charitable donations to the Association and receive in return play money to be used at casino games and an auction to be held during the benefit.

All play money would be redeemable only for items auctioned, and all of the items to be auctioned would be donated. Only volunteers would operate the gaming tables, and only the play money could be wagered. All proceeds from the benefit would be applied solely to the charitable purposes of the Association.

The trial court, in finding for the plaintiffs, declared that the Association's proposed charitable fund-raising activity was legal. The court based its conclusion on its findings that (a) the activity was to be sponsored by a "non-profit" corporation; "(b) the participants will be primarily moti-

vated to benefit the charitable cause, and their interest in gambling will be incidental to a bona fide social relationship; (c) no one will derive a 'profit' or 'gain,' as such is defined by statute; and (d) all proceeds will be applied exclusively for charitable activities...."

On appeal, the Department contends that the trial court erred in finding that the plaintiffs would not be engaging in professional gambling and that the participants at the benefit would not be gambling. We disagree.

■ For purposes of the offenses set out in § 18–10–103, C.R.S. (1986 Repl. Vol. 8B), "gambling" is defined in § 18–10–102(2), C.R.S. (1986 Repl. Vol. 8B) defines gambling, and that definition excludes games, wagers, or transactions that are "incidental to a bone fide social relationship" and as to which no one is engaging in "professional gambling." The trial court found that the participants would be engaged in this type of social gambling that is not illegal. We agree with the trial court. *See Costiphx Enterprises, Inc. v. City of Lakewood,* 728 P.2d 358 (Colo.App.1986).

■ The department also contends that the trial court erred in failing to find that, by participating in the planned event, the hotel would be authorizing or permitting gambling on its liquor licensed premises in violation of § 12–47–128(5)(n)(I), C.R.S. (1985 Repl. Vol. 5). We disagree with this contention.

Under § 12–47–128(5)(n)(I), no person licensed to sell liquor at retail may permit any "gambling" on his liquor licensed premises. The term "gambling" as used in the liquor code must, under the facts of this case, be defined in the same manner as it is in § 18–10–102(2), C.R.S. (1986 Repl. Vol. 8B). *Brownlee v. State,* 686 P.2d 1372 (Colo.App.1984). Here, as found above, the

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

plaintiffs and participants would not be engaged in a prohibited gambling activity, and therefore, the hotel would not be in violation of § 12–47–128(5)(n)(I).

Judgment affirmed.

STERNBERG and SILVERSTEIN,[*] JJ., concur.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).