JAYHAWK CAFE, a Colorado limited liability company, Plaintiff–Appellee and Cross–Appellant,

v.

COLORADO SPRINGS LIQUOR AND BEER LICENSING BOARD, City of Colorado Springs, Colorado, a municipal corporation, Lee McRae, Edward Pine, Robert Keel, Michael Nemeth, Michael Nestor, Charles Stephens, Luke Travins and Kathryn M. Young, city clerk, Defendants–Appellants and Cross–Appellees.

No. 05CA0508.

Colorado Court of Appeals, Division VI.

Dec. 28, 2006.

Rehearing Denied Feb. 8, 2007.

Certiorari Denied Aug. 27, 2007.

David H. Zook, Colorado Springs, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Patricia K. Kelly, City Attorney, Jan H. Crosby, Assistant City Attorney, Michael J. Curran, Assistant City Attorney, Colorado Springs, Colorado, for Defendants–Appellants and Cross–Appellee.

Opinion by Judge CARPARELLI.

In this action for judicial review pursuant to C.R.C.P. 106(a)(4) concerning denial of an application to transfer a liquor license, the Colorado Springs Liquor and Beer Licensing Board appeals the district court's judgment vacating the Board's decision and remanding the matter to the Board for the appointment of a special hearing officer. The applicant, Jayhawk Cafe, LLC, cross-appeals the district court's judgment denying its remaining contentions. We reverse the district court's judgment and remand for reinstatement of the Board's decision.

## I. Background

Jayhawk applied to the Board for a transfer of a hotel and restaurant liquor license in October 2003. The City Clerk conducted an investigation into the application. The results of this investigation were stated in a report titled "Amended Notice of Objection and Proposed Denial" (amended notice). Both the Board and Jayhawk received a copy of the amended notice prior to the March 2004 hearing on the transfer application.

Several motions were made at the hearing. Jayhawk requested that an unbiased hearing officer be appointed to hear its transfer request and that the matter be set over until the City Attorney and the City Clerk complied with its discovery request. Jayhawk's landlord asked to participate in the hearing as an interested party. The Board heard argument and denied each motion.

Evidence was presented both in support of and in opposition to the transfer of the liquor license to Jayhawk. At the conclusion of the hearing, the Board denied Jayhawk's application because it found that Jayhawk's owner was not capable of conducting her business according to law.

Following the Board's denial of the application, Jayhawk filed a complaint seeking review by the district court pursuant to C.R.C.P. 106(a)(4). The district court reversed the Board's decision, finding that the transmission of the amended notice to the Board before the hearing violated Local Rule 4. 10, which provides that "no member [of the Board] shall receive or solicit comments from any persons regarding an agenda item prior to the public hearing at which the item is discussed." The district court remanded the matter for a new hearing on the transfer application before a special hearing officer. This appeal and cross-appeal followed.

## II. Standard of Review

■ In an appeal of a C.R.C.P. 106(a)(4) proceeding, we review the decision of the administrative body, rather than the decision of the district court. *Woods v. City & County of Denver*, 122 P.3d 1050, 1053 (Colo.App. 2005).

C.R.C.P. 106(a)(4) provides for judicial review of a decision of an administrative body exercising judicial or quasi-judicial functions for the limited purpose of determining whether the body exceeded its jurisdiction or abused its discretion. *Widder v. Durango Sch. Dist. No. 9–R,* 85 P.3d 518, 526 (Colo.2004); *see Brass Monkey, Inc. v. Louisville City Council,* 870 P.2d 636, 639 (Colo.App.1994) (reviewing decision of local liquor licensing authority under C.R.C.P. 106(a)(4)). In accordance with this rule, we must uphold the administrative body's exercise of discretion unless its decision is "so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority." *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304, 1309 (Colo. 1986); *Woods v. City & County of Denver, supra.*

Generally, the administrative body's interpretation of its own rules is given deference and will be "accepted if it has a reasonable basis in law and is warranted by the record." *Regents of Univ. of Colo. v. City & County of Denver,* 929 P.2d 58, 61 (Colo.App. 1996). However, deference is not given when the administrative body's interpretation is inconsistent with its own rules. *Regents of Univ. of Colo. v. City & County of Denver, supra.*

When interpreting an agency rule, we give words their plain meaning and construe the rule as a whole to give harmonious effect to all provisions. *See Int'l Paper Co. v. Cohen,* 126 P.3d 222, 226 (Colo.App.2005)(discussing principles of interpretation of city ordinance); *Halverstadt v. Dep't of Corr.,* 911 P.2d 654, 657 (Colo.App.1995)(applying principles of statutory interpretation to agency rule).

The Board argues that, contrary to the district court's ruling, it afforded Jayhawk due process and, thus, did not exceed its jurisdiction or abuse its discretion. We agree.

In its cross-appeal, Jayhawk argues that the district court erred when it ruled that the landlord was not a party in interest and when it concluded that the Board made sufficient findings of fact. We will construe these contentions as asserting that the Board exceeded its jurisdiction or abused its discretion. We agree with the Board.

### III.   Special Hearing Officer

The Board contends that it afforded Jayhawk due process when the application was decided by the Board rather than by a special hearing officer. Jayhawk, however, argues that the Board did not follow the correct procedure for the investigatory, prehearing stage of the transfer application as required by the Board's own Local Rules and the Colorado Liquor Code. Jayhawk also argues that the Board was predisposed to deny its application because of the failure to follow the correct procedure. We conclude that Jayhawk was afforded due process.

### A.   Conflict Between Local Rules and Colorado Liquor Code

We first reject Jayhawk's contention that the procedure mandated by the Local Rules is contrary to that mandated by the Colorado Liquor Code.

Applications for the issuance or transfer of liquor licenses must be approved by both state and local liquor licensing authorities. *Moschetti v. Liquor Licensing Auth.,* 176 Colo. 281, 285, 490 P.2d 299, 301 (1971) (discussing the Colorado Liquor Code). The Board is the local liquor licensing authority for the City of Colorado Springs. Local Rule 2.01. However, the City Clerk may also act as the local licensing authority or as its agent. Local Rule 2.01. The Colorado Springs licensing authority is bound by both the applicable state statutes and its own Local Rules of procedure. Local Rule 1.00.

Section 12–47–312(1), C.R.S.2006, states that "[n]ot less than five days prior to the date of the hearing, the local licensing authority shall make known its findings based on its investigation in writing to the applicant and other interested parties." Under Local Rule 2.05, the City Clerk receives applications and investigates their merits. When acting as the Board's agent, the City Clerk performs these functions on behalf of the Board and reports its findings to the Board.

Upon completion of the investigation, the City Clerk provides the Board and the applicant with a written report of its findings. Local Rule 7.00.

■ We perceive no conflict between the statute and Local Rule 7.00. The statute requires that the licensing authority conduct an investigation and make its findings known to the applicant. Local Rule 7.00 permits the City Clerk to conduct the investigation, make initial findings as the Board's agent, and provide a copy of its report to the Board. Both provisions permit the licensing authority to obtain the results of the initial investigation. Here, the Board is the licensing authority.

Accordingly, we reject Jayhawk's argument that Local Rule 7.00 is contrary to the requirements of § 12–47–312(1).

### B. Compliance with Local Rules

Jayhawk further argues that it was denied due process because the Board did not follow Local Rules 4.10 and 16.00. We are not persuaded.

#### 1. Local Rule 4.10

Local Rule 4.10 states:

> When the Board sits as a quasi-judicial body and is required to make findings of fact and act upon evidence presented to [it], no member shall receive or solicit comments from any person regarding an agenda item prior to the public hearing at which the item is discussed. The City Clerk may present to the Board at an open work session information on any item scheduled for public hearing.

Jayhawk asserts that this rule prohibited the Board from receiving the amended notice, which reflected the results of the City Clerk's investigation, before the hearing. However, such an interpretation of Local Rule 4.10 would lead to the absurd result that the Board would not be permitted to read its own notice informing an applicant that it proposed to deny the application.

■ Reading the Local Rules as a whole, and interpreting them in a manner that does not render any rule meaningless, we conclude that Local Rule 4.10 does not prohibit the Board from receiving a report of the City Clerk's investigation report before the hearing. *See Int'l Paper Co., supra,* 126 P.3d at 226 (discussing principles of interpretation for city ordinance); *Halverstadt, supra,* 911 P.2d at 657 (applying principles of statutory interpretation to agency rule). The purpose of Local Rule 4.10 is to ensure that no individual member of the Board conducts an independent investigation or receives any information about which the applicant would have no notice before the hearing.

At the hearing, individual Board members stated that they had not talked to anyone about Jayhawk's transfer application and were not predisposed to grant or deny the transfer. Jayhawk's belief that Local Rule 4.10 had been violated apparently is based on the amended notice, which stated that "objections have been received." However, Jayhawk presented no evidence that any Board member received or solicited comments from any person regarding the application. The Board found that the amended notice merely contained the results of the City Clerk's investigation and was intended to inform Jayhawk of reasons its application might be denied. Therefore, we reject Jayhawk's argument that the Board violated Local Rule 4.10.

#### 2. Local Rule 16.00

We also reject Jayhawk's contention that Local Rule 16.00 required the amended notice to be written on a form supplied by the state.

■ Local Rule 16.00 deals with transfer applications. It directs the City Clerk to investigate the character of the applicant, requires that notice and a hearing be given, and designates the factors the Board may address in determining whether to grant the transfer. It further provides:

> D. All reports required by this Rule 16.00 shall be made on forms supplied by the State Department of Revenue, Liquor Enforcement Division.

> The City Clerk, upon receipt of any required reports, shall place such reports in the licensee's file.

Jayhawk has not stated which form should have been used or how the amended notice here differed from a form supplied by the state. Hence, it has not shown how it may have been prejudiced by any noncompliance.

## C. Conclusions

We conclude that the Board followed the proper procedure as required by its own Local Rules and the Colorado Liquor Code, and it did not exceed its jurisdiction or abuse its discretion by failing to comply with any of the Local Rules. Accordingly, we conclude that Jayhawk was not denied procedural due process with respect to its request for a special hearing officer.

## IV. Cross–Appeal

Because we conclude that Jayhawk was not denied due process, we now address the contentions Jayhawk raises in its cross-appeal. We reject those contentions in turn.

## A. Party in Interest

Jayhawk contends that because Local Rule 16.00 required the Board to conduct a hearing, (1) the Board was required to comply with the public hearing requirements established in § 12–47–311, C.R.S.2006; and (2) the Board exceeded its jurisdiction or abused its discretion when it did not permit the landlord to participate as a "party in interest." We disagree.

Section 12–47–303, C.R.S.2006, governs the transfer of liquor licenses. Unlike the Local Rules, this section does not require the local licensing authority to hold a hearing when determining whether to approve or deny a transfer application. *See* Local Rule 16.00.

■ Section 12–47–311 provides the notice requirements that must be followed when a public hearing is held. Section 12–47–311(5)(a), C.R.S.2006, entitles any "party in interest" to present evidence and cross-examine witnesses at public hearings "held pursuant to this section." However, transfer applications are specifically excluded from the requirements of § 12–47–311. Section 12–47–311(1), C.R.S.2006 ("Upon receipt of an application, except an application for re-newal or for transfer of ownership, the local

licensing authority shall schedule a public hearing...."). In addition, Local Rule 16.00, which lists the notice requirements and criteria to be applied at such a public hearing, does not provide for the participation of a party in interest and does not require the Board to comply with the requirements of § 12–47–311.

Because § 12–47–311(1) did not require the Board to conduct a public hearing with regard to Jayhawk's transfer application, and because § 12–47–311(5)(a) pertains only to public hearings conducted pursuant to § 12–47–311, the landlord was not entitled to present evidence or cross-examine witnesses at Jayhawk's hearing. Accordingly, we conclude that the Board's ruling disallowing the landlord's participation in the proceedings did not constitute an abuse of discretion or exceed the Board's jurisdiction.

## B. Discovery Request

Jayhawk contends that the Board exceeded its jurisdiction or abused its discretion when it conducted the hearing without first providing responses to Jayhawk's discovery request. We disagree.

■ At the hearing, Jayhawk claimed that the City Clerk had not complied with its discovery request. The prosecuting attorney, however, told the Board that the City had turned over the documents in its possession and made available the files on which it would rely. He also stated that the discovery request was in the form of interrogatories and that the City had responded in writing.

At the hearing and now on cross-appeal, Jayhawk insists that it was not provided with important information. First, Jayhawk alleges that its owner had been interviewed by a police detective who had made a police report, but the City refused to provide it with a copy of the report. However, the prosecuting attorney told the Board that no such report existed. Jayhawk also alleged that the City refused to identify the person who had objected to the transfer application. Jayhawk's belief that some individual had objected to the transfer application was apparently based on the language of the

amended notice, which stated that "objections have been received." However, the prosecuting attorney explained to the Board that the document was issued by the City Clerk's office to make the applicant aware of the licensing authority's objections to its application. Jayhawk presented no evidence that individual objections had been received.

The record supports the Board's conclusion that the City Clerk had complied with Jayhawk's discovery request to the extent possible. Therefore, we conclude that the Board did not exceed its jurisdiction or abuse its discretion in conducting the hearing.

### C. Findings of Fact

Jayhawk contends that, unlike the district court, we should conclude the Board did not make sufficient findings of fact in formulating its decision. We disagree.

#### 1. Preservation of Issue for Appeal

We first address the Board's argument that Jayhawk cannot raise this issue on appeal because it did not raise it at the hearing. "As a general rule, an issue not presented to or raised at the trial court will not be considered on appeal." *Beauprez v. Avalos*, 42 P.3d 642, 649 (Colo.2002). However, the Board does not cite, nor can we locate, any authority preventing review of the sufficiency of the form and content of the Board's decision when such a challenge was not presented to the Board before the C.R.C.P. 106(a)(4) review process was initiated. Therefore, we will address this issue.

#### 2. Local Rule 10.01

Findings of fact are addressed by Local Rule 10.01:

A. In formulating a decision the Board shall consider all the facts and evidence adduced as a result of the investigation and hearing, and after making findings of fact, shall apply these facts to the legal requirements which are applicable to the particular matter before it.

B. When the decision is made, the motion shall contain such findings of facts and conclusions of law as are relevant and necessary to support the decision. The motion shall be made orally or in writing. The City Clerk may be requested to prepare a written motion for subsequent presentation and consideration by the Board.

Here, an oral motion was made that contained the Board's conclusion of law based on its findings of fact. The Board member making the motion stated, "I move that we deny this transfer of license based on the Applicant's ability to conduct the business according to law." Although the motion could have been more complete, we nevertheless conclude that here the Board's decision was based on sufficient findings of fact.

The record includes a verbatim transcript of the Board's discussion of the evidence presented at the hearing and its findings based on that evidence. The Board members discussed the owner's record of past liquor violations that had been admitted into evidence at the hearing, including the owner's admission to "three sales to a minor, five renewal notices, two sales without a license, one loss of possession of the property violation, and one report of manager."

Based on the owner's record, the Board members concluded the owner was not "conversant on the law" and did not comprehend "the importance or gravity of her prior violations." They discussed statements the owner made to the Board and were troubled by her testimony that she did not know how to properly complete the application and her statement, "I couldn't be around to chase my employees 24 hours a day." The Board concluded that this evidence demonstrated the owner's inability to conduct her business according to the law.

Because the record contains sufficient findings, we conclude that the Board did not exceed its jurisdiction or abuse its discretion.

### D. Board's Inquiry

Jayhawk contends that the Board exceeded its jurisdiction or abused its discretion when it considered matters not reflected in the amended notice. We disagree.

Section 12–47–303, C.R.S.2006, which governs liquor license transfers, provides that licensing authorities shall consider the requirements of § 12–47–307, C.R.S.2006, in

determining whether to grant the application. Among the requirements listed in that section are the applicant's satisfactory "character, record, and reputation." Section 12–47–307(1)(a)(VI), C.R.S.2006.

■ Here, as reasons for the denial, the amended notice listed the owner's failure to disclose several liquor code violations. The last paragraph of the amended notice stated that, "as a result of the foregoing, [Jayhawk's owner] is not of satisfactory character, record, and reputation, and it is likely that violations of the Colorado Liquor Code will occur if the license is granted." Jayhawk was therefore on notice that its owner's past history, or "record," would be at issue and had ample opportunity to prepare for the hearing.

Jayhawk argues that its transfer application should have been granted because an amended application was filed that explained the owner's past violations and the Board accepted her contention that she did not intend to mislead the Board.

However, the amended notice did not limit the hearing to Jayhawk's failure to disclose these violations. To the contrary, as a reason for denial it states that, based on the owner's past record, violations of the Colorado Liquor Code would likely occur in the future. Thus, it was not only the owner's failure to disclose the violations, but the violations themselves, that evidenced her inability to conduct her business according to law.

We conclude that the Board did not exceed its jurisdiction or abuse its discretion because the matters considered were stated in the amended notice.

### E. Denial of Transfer Application

■ Jayhawk contends that the Board exceeded its jurisdiction or abused its discretion when, based on the past record of Jayhawk's owner, it denied Jayhawk's application to transfer the liquor license. We disagree.

We reiterate that our review of the Board's decision to deny Jayhawk's application is limited to determining whether the Board exceeded its jurisdiction or abused its discretion. *See Widder, supra,* 85 P.3d at

526; *see also Brass Monkey, supra,* 870 P.2d at 639 (reviewing decision of local liquor licensing authority under C.R.C.P. 106(a)(4) ). Our inquiry on review is not, as Jayhawk contends, whether the Board had good cause to deny the application.

Section 12–47–307(1)(a)(VI) states that "[n]o license . . . shall be issued to or held by . . . [a]ny person unless such person's character, record, and reputation are satisfactory to the respective licensing authority." The term "record" is not limited to an applicant's criminal record. In *Mr. Lucky's, Inc. v. Dolan,* 197 Colo. 195, 199, 591 P.2d 1021, 1024 (1979), the supreme court held that the liquor licensing authority did not abuse its discretion when it suspended a license "based on [the licensee's] record of untimely filing of income tax returns, in violation of the Colorado statutes." Similarly, Jayhawk's owner had a record of repeatedly violating the Colorado Liquor Code. At the hearing, Jayhawk admitted to all the violations detailed in the amended notice except one. The violations included selling liquor to minors, failing to report a change in management, and, as a result of failing to timely renew, selling liquor without a license.

The record contains evidence that supports the Board's determination that Jayhawk's owner was unable to conduct her business according to the law, based on her history of past violations of the Colorado Liquor Code. Therefore, we conclude the Board did not exceed its jurisdiction or abuse its discretion when it denied Jayhawk's transfer application.

The district court's judgment is reversed, and the case is remanded for reinstatement of the Board's decision.

Judge WEBB and Judge J. JONES concur.